# Order

**Michigan Supreme Court**
**Lansing, Michigan**

May 28, 2010

Marilyn Kelly,
Chief Justice

Michael F. Cavanagh
Elizabeth A. Weaver
Maura D. Corrigan
Robert P. Young, Jr.
Stephen J. Markman
Diane M. Hathaway,
Justices

139413

PEOPLE OF THE STATE OF MICHIGAN,
      Plaintiff-Appellee,

v

LEDELL MARVIN MUSHATT,
      Defendant-Appellant.

SC: 139413
COA: 283954
Ingham CC: 07-000500-FH

_____/

On March 10, 2010, the Court heard oral argument on the application for leave to appeal the June 23, 2009 judgment of the Court of Appeals. MCR 7.302(H)(1). In lieu of granting leave to appeal, we REVERSE in part the judgment of the Court of Appeals, we VACATE the sentence of the Ingham Circuit Court, and we REMAND this case to the sentencing court for resentencing. The prosecutor has conceded that the scoring of 5 points for offense variable 3 (bodily injury not requiring medical treatment), MCL 777.33(1)(e), was erroneous under *People v McGraw*, 484 Mich 120 (2009), and that correction of this error would render the defendant's current sentence in excess of the corrected minimum sentence range. On remand, the "[o]ffense variables must be scored giving consideration to the sentencing offense alone," *id.* at 133, but the sentencing court may consider the injury to the victim "when deciding what sentence to impose within the appropriate guidelines range and whether to depart from the guidelines recommendation." *Id.* at 129.

Further, we clarify that the retroactive effect of *McGraw* is limited to cases pending on appeal when *McGraw* was decided and in which the scoring issue had been raised and preserved.[1] The appeal in this case was pending when *McGraw* was decided, and the issue was raised and preserved.

_____

[1] See, e.g., *People v Cornell*, 466 Mich 335, 367; 646 NW2d 127 (2002).

CORRIGAN, J. (*concurring*).

I concur with the remand order because the prosecutor has conceded that defendant's OV-3 score was erroneous under *People v McGraw*, 484 Mich 120; 771 NW2d 655 (2009). Nonetheless, I continue to adhere to the views expressed in my dissenting opinion in *McGraw*, *supra* at 136.

YOUNG, J. (*concurring*).

I concur with the remand order because the prosecutor conceded that the defendant's OV-3 score was erroneous under *People v McGraw*.[2] Although *McGraw* controls the scoring of OV-3, I continue to adhere to the position stated in Justice CORRIGAN's dissent in *McGraw*,[3] with which I concurred.

WEAVER, J. (*dissenting*).

This Court heard oral argument on whether to grant the application for leave to appeal or take other peremptory action in this case. I would grant leave to consider whether *People v McGraw*, 484 Mich 120; 771 NW2d 665 (2009), was wrongly decided as per the dissent in that case. I continue to believe that *McGraw* was wrongly decided in a 4 to 3 decision, and I believe that a remand in this case based on *McGraw* is a waste of judicial resources.

---

[2] 484 Mich 120; 771 NW2d 655 (2009)

[3] *Id.* at 136 (CORRIGAN, J., dissent).



I, Corbin R. Davis, Clerk of the Michigan Supreme Court, certify that the foregoing is a true and complete copy of the order entered at the direction of the Court.

May 28, 2010

0519

Clerk