# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

FOR PUBLICATION
June 30, 2016

Plaintiff-Appellee,

v

No. 326140
Wayne Circuit Court

CLIFFORD LUCAS BIDDLES,

LC No. 14-005402-FC

Defendant-Appellant.

Before: MURPHY, P.J., and CAVANAGH and RONAYNE KRAUSE, JJ.

RONAYNE KRAUSE, J. *(concurring)*

I write separately because I respectfully do not understand the majority's resolution of defendant's sentencing issue. In particular, in the specific context of an alleged violation of *People v Lockridge*, 498 Mich 358; 870 NW2d 502 (2015), I do not understand the majority's construction of a framework for evaluating "evidentiary" as opposed to "constitutional" challenges. I fully agree with the majority's resolution of defendant's challenge to the trial court's conduct. I likewise concur with the majority's recitation of the basic facts of the case.

Defendant contends that the trial court improperly scored offense variables (OVs) 1, 3, 4, and 9 of his sentencing guidelines; respectively pursuant to MCL 777.31, MCL 777.33, MCL 777.34, and MCL 777.39. He further asserts that trial counsel was ineffective for failing to object to the scoring of OV 1. Defendant argues that his scores lack the requisite evidentiary support, and he presents that challenge as a *Lockridge* violation. We review issues of constitutional law, such as whether the trial court engaged in judicial fact-finding, de novo. *People v Stokes*, 312 Mich App 181, 192; ___ NW2d ___ (2015).

In *Lockridge*, our Supreme Court held that Michigan's mandatory sentencing guidelines violate a defendant's Sixth Amendment right to a jury trial to the extent that they require judicial fact-finding beyond facts admitted by defendant or found by the jury beyond a reasonable doubt and this judicial fact-finding increases the floor of defendant's minimum sentence range. *Lockridge*, 498 Mich at 364-65; *Stokes*, 312 Mich App at 193-194. Our Supreme Court has seemingly held that judicial fact-finding is not impermissible *per se*, but rather impermissible in the context of a *mandatory* minimum sentence range. This Court has reconciled certain statements in *Lockridge* by determining that judges may score guidelines on the basis of facts they found independent of the jury or defendant's admissions on the theory that doing so constitutes a departure, which now need only be justified as reasonable. *Id*. Our Supreme Court

-1-

did not, however, abrogate the requirement that a trial court departing from the guidelines range articulate its reasons for departure. See *Lockridge*, 498 Mich at 392. If the trial court's improper scoring of offense variables increased the floor of the guidelines minimum sentence range, the guidelines range was unconstitutionally constrained by a violation of the Sixth Amendment. *Lockridge*, 498 Mich at 399.

The net effect as I understand it is that if (1) the trial court imposed a sentence on the basis of sentencing guidelines scored on the basis of facts the trial court found independent of necessary jury findings or the defendant's admissions, and (2) it did so under the belief that the sentence range was mandatory, and (3) the guidelines minimum sentence range cannot be sustained on the basis of facts admitted by defendant or necessarily found by the jury, then the defendant has "establish[ed] a threshold showing of the potential for plain error sufficient to warrant a remand to the trial court for further inquiry." *Lockridge*, 498 Mich at 395. Conversely, the trial court may depart from the properly-scored guidelines range on the basis of judicially-found facts, and any such departure will be reviewed for reasonableness. *Lockridge*, 498 Mich at 392.

In *People v Sours*, __ Mich App __; __ NW2d __ (2016), the majority seemingly implies that this Court distinguished between an evidentiary and a constitutional challenge under *Lockridge* in addressing the defendant's challenge to the trial court's scoring of OV 19 pursuant to MCL 777.49. I do not read *Sours* in the same way. In *Sours*, this Court noted that OV 19 requires either that the crime itself constitute some manner of interference with the administration of justice or that the defendant engage in conduct that in some way seeks to evade responsibility for illegal conduct. *Sours*, ___ Mich App at ___. The Court observed that the defendant's parole violation, for which he was not even apparently convicted in the proceeding that culminated in the *Sours* appeal, was neither of those things; and he was arrested for the actual sentencing offense, possession of methamphetamine, promptly upon its discovery, so he had no opportunity to make any attempt to evade justice. *Id.* at ___. In other words, it was quite simply impossible for there to have been any facts that could conceivably have supported scoring OV 19.

Here, there clearly *are* facts in the record that could support the OV scores given by the trial court. For example, OV 3 should be scored at 100 points if "a person was killed," MCL 777.33(1)(a), and indeed, a person *was* killed. At issue is whether, in context, those facts were *properly* found. I conclude that the OV scores calculated by the trial court could not have been based only on facts necessarily found by the jury or admitted by defendant, as I understand *Lockridge* requires when the trial court imposes a mandatory sentence range based on those scores. Defendant was convicted only of being a felon in possession of a firearm, so the jury was only required to find beyond a reasonable doubt that defendant was armed with a weapon and was ineligible to possess it. See MCL 750.224f; *People v Perkins*, 473 Mich 626, 629-631; 703 NW2d 448 (2005). Defendant stipulated only to the fact that he was ineligible to possess a firearm at the time of the shooting. Each of the challenged OV scores requires a finding of at least one fact that is neither directly nor indirectly mandated by the jury's verdict or defendant's admission.

The trial court scored OV 1 at 25 points, indicating that a "firearm was discharged at or toward a human being or a victim was cut or stabbed with a knife or other cutting or stabbing

weapon." See MCL 777.31(1)(a). However, the jury's verdict requires a finding that defendant *possessed* a firearm, but not that defendant *used* that firearm. Accordingly, OV 1 should not have been scored at 25 points. As noted, the trial court scored OV 3 at 100 points, indicating that "a victim was killed," MCL 777.33(1)(a). Although the trial court may consider other facts and injuries for the purpose of a sentence departure, OV scores must be based on "'the sentencing offense alone.'" *People v Mushatt*, 486 Mich 934, 934; 782 NW2d 202 (2010), quoting *People v McGraw*, 484 Mich 120, 133; 771 NW2d 655 (2009). Again, nothing in the jury's verdict or defendant's admissions causally links possession of a firearm to any death, so OV 3 should not have been scored at 100 points.

Likewise, OV 4 was scored at 10 points, indicating "[s]erious psychological injury requiring professional treatment occurred to a victim," MCL 777.34(1)(a), and OV 9 was scored at 10 points indicating, "2 to 9 victims who were placed in danger of physical injury or death, or 4 to 19 victims who were placed in danger of property loss," MCL 777.39(1)(c). Again, the jury did not necessarily find that any victim existed or that a victim suffered or was placed in danger of injury. Accordingly, these OVs should also not have been scored at 10 points each.

The trial court scored the guidelines for defendant's conviction of felon in possession of a firearm, which is a class E offense. MCL 777.16m. Defendant received a total OV score of 155 points, which combined with his 70 prior record variable points, placed him in the E-VI cell of the applicable sentencing grid, for which the minimum sentence range is 22 to 76 months for a fourth-offense habitual offender. MCL 777.66. The scores for OVs 1, 3, 4, and 9 increased defendant's total OV score from 10 points to 155 points, which in turn changed his placement from OV Level II (10 - 24 points) to OV Level VI (75+ points), resulting in a higher guidelines range. Because defendant was sentenced before our Supreme Court's decision in *Lockridge* and his placement in OV Level VI cannot be sustained on the basis of facts admitted by defendant or necessarily found by the jury, defendant has "establish[ed] a threshold showing of the potential for plain error sufficient to warrant a remand to the trial court for further inquiry." *Lockridge*, 498 Mich at 395. Because I understand that *all* OV scores might be considered for some purpose by the Department of Corrections, I disagree with the majority's conclusion that it is unnecessary to consider defendant's challenges to all of them.

My understanding of *Lockridge* is that because the trial court's scoring of the offense variables was based on judicially-found facts that increased the floor of the guidelines minimum sentence range, defendant is entitled to the *Crosby* remand procedure outlined in *Lockridge*. *Stokes*, 312 Mich App at 197-203; see *Lockridge*, 498 Mich at 395-399. On remand, the trial court should allow the defendant an opportunity "'to avoid resentencing by promptly notifying the [trial] judge that resentencing will not be sought.'" *Lockridge*, 498 Mich at 398, quoting *Crosby*, 397 F3d 103, 118 (2d Cir. 2005). If the defendant does not wish to avoid resentencing, the court must determine if it "would have imposed a materially different sentence but for the unconstitutional constraint [considering] only the 'circumstances existing at the time of the original sentence.'" *Id.*, quoting *Crosby*, 397 F3d at 117. The trial court may properly consider the judicially-found facts underlying its original scoring when determining if departure from the properly scored guidelines range is appropriate. See *id.* at 391-392 ("[T]he sentencing court may exercise its discretion to depart from that guidelines range without articulating substantial and compelling reasons for doing so. A sentence that departs from the applicable guidelines range will be reviewed by an appellate court for reasonableness."). If the sentencing court decides to

-3-

depart from the properly scored guidelines range, it must state on the record its reasons for departure. MCL 769.34(3).

To be clear, I do not in any way wish to suggest that I believe the majority's reasoning is irrational, fallacious, or wrong. I do not agree with it only because it does not make sense to me. The majority's assertion that I somehow claim that "defendant's evidentiary challenge need not be reached" appears equally to fail to understand my own reading of *Lockridge* and *Sours*. It is my hope that further developments in the law will provide further guidance.

/s/ Amy Ronayne Krause