RONAYNE Krause, J.
(concurring in part and dissenting in part). I write separately because I respectfully do not understand the majority’s resolution of defendant’s sentencing issue. In particular, in the specific context of an alleged violation of People v Lockridge, 498 Mich 358; 870 NW2d 502 (2015), I do not understand the majority’s construction of a framework for evaluating “evidentiary” as opposed to “constitutional” challenges. I fully agree with the majority’s resolution of defendant’s challenge to the trial court’s conduct. I likewise concur with the majority’s recitation of the basic facts of the case.
Defendant contends that the trial court improperly scored Offense Variables (OVs) 1, 3, 4, and 9 of his sentencing guidelines pursuant to MCL 777.31, MCL 777.33, MCL 777.34, and MCL 777.39, respectively. He further asserts that his trial counsel was ineffective for failing to object to the scoring of OV 1. Defendant argues that his scores lack the requisite evidentiary support, and he presents that challenge as a Lockridge violation. We review de novo issues of constitutional law, including whether the trial court engaged in judicial fact-finding. People v Stokes, 312 Mich App 181, 192; 877 NW2d 752 (2015).
In Lockridge, our Supreme Court held that Michigan’s mandatory sentencing guidelines violated a defendant’s Sixth Amendment right to a jury trial to the extent that the guidelines required judicial fact-finding beyond facts admitted by a defendant or found by the jury beyond a reasonable doubt and that this judicial fact-finding improperly increased the floor of a defendant’s minimum sentence range. Lockridge, 498 Mich at 364-365; Stokes, 312 Mich App at 193-194. Our *169 Supreme Court appeared to hold that judicial fact-finding was not impermissible per se, but rather it was impermissible in the context of mandatory minimum sentence ranges. This Court has reconciled certain statements in Lockridge by determining that judges may score the guidelines on the basis of facts they found, independently of a jury’s verdict or a defendant’s admissions, on the theory that doing so constituted a departure, which now needs only to be justified as reasonable. Lockridge, 498 Mich at 365. Our Supreme Court did not, however, abrogate the requirement that a trial court departing from the recommended guidelines range articulate its reasons for that departure. See id. at 392. If the trial court’s improper scoring of offense variables increased the floor of the guidelines minimum sentence range, the guidelines range was unconstitutionally constrained by a violation of the Sixth Amendment. Id.
The net effect as I understand it is as follows: (1) if the trial court imposed a sentence according to sentencing guidelines scored on the basis of facts the trial court found independently of the jury’s verdict or the defendant’s admissions, and (2) it did so under the belief that the resulting sentence range was mandatory, and (3) the guidelines minimum sentence range cannot be sustained on the basis of facts admitted by defendant or by the jury’s verdict, (4) then the defendant has “establish [ed] a threshold showing of the potential for plain error sufficient to warrant a remand to the trial court for further inquiry.” Lockridge, 498 Mich at 395. However, the trial court may rely on judicially found facts to depart from a minimum sentence range that is based on properly scored guidelines, and any such departure will be reviewed for reasonableness. Lockridge, 498 Mich at 392.
*170 In People v Sours, 315 Mich App 346; 890 NW2d 401 (2016), the majority seems to imply that this Court distinguished between evidentiary and constitutional challenges under Lockridge by addressing the defendant’s challenge to the trial court’s scoring of OV 19 under MCL 777.49. I do not read Sours in the same way. In Sours, this Court noted that OV 19 requires either that the crime itself constitute some manner of interference with the administration of justice or that the defendant engage in conduct that in some way seeks to evade responsibility for illegal conduct. Sours, 315 Mich App at 349. The Court observed that the defendant’s parole violation, for which he was not even apparently convicted in the proceeding that culminated in the Sours appeal, was neither of those things, and the Sours defendant was arrested for the actual sentencing offense, possession of methamphetamine, promptly upon discovery of the illegal substance. The defendant had no opportunity to make any attempt to evade justice. Id. at 350. In other words, there were no facts that could conceivably have supported scoring OV 19.
Here, there clearly are facts in the record that could support the OV scores assessed by the trial court. For example, OV 3 should be scored at 100 points if “a person was killed,” MCL 777.33(l)(a), and indeed, a person was killed. At issue is whether, in context, those facts were properly found. I conclude that the OV scores calculated by the trial court could not have been based only on facts necessarily found by the jury or admitted by defendant, as I understand Lockridge requires when the trial court imposes a mandatory sentence range based on those scores. Defendant was convicted only of being a felon in possession of a firearm, so the jury was only required to find beyond a *171 reasonable doubt that defendant was armed with a weapon and was ineligible to possess it. See MCL 750.224Í; see also People v Perkins, 473 Mich 626, 629-631; 703 NW2d 448 (2005). Defendant stipulated only that he was ineligible to possess a firearm at the time of the shooting. Each of the challenged OV scores in this case required a finding of at least one fact that was neither directly nor indirectly supported by the jury’s verdict or defendant’s admission.
The trial court scored OV 1 at 25 points, indicating that “[a] firearm was discharged at or toward a human being or a victim was cut or stabbed with a knife or other cutting or stabbing weapon . . . .” See MCL 777.31(l)(a). However, the jury’s verdict required a finding that defendant possessed a firearm, but not that defendant used that firearm. Accordingly, OV 1 should not have been scored at 25 points. The trial court scored OV 3 at 100 points, indicating that “[a] victim was killed,” MCL 777.33(l)(a). Although the trial court may consider other facts and injuries for the purpose of imposing sentence, OV scores must be based on “ ‘the sentencing offense alone.’ ” People v Mushatt, 486 Mich 934, 934 (2010), quoting People v McGraw, 484 Mich 120, 133; 771 NW2d 655 (2009). Again, nothing in the jury’s verdict or defendant’s admissions causally links his possession of a firearm to any death, so OV 3 should not have been scored at 100 points.
Likewise, OV 4 was scored at 10 points, indicating that “[sjerious psychological injury requiring professional treatment occurred to a victim,” MCL 777.34(l)(a), and OV 9 was scored at 10 points, indicating that “2 to 9 victims . . . were placed in danger of physical injury or death, or 4 to 19 victims .. . were placed in danger of property loss,” MCL 777.39(l)(c). Again, the jury did not necessarily find that any victim *172 existed or that a victim suffered or was placed in danger of injury as a result of defendant’s possession of a firearm. Accordingly, these OVs should not have been scored at 10 points each.
The trial court scored the guidelines for defendant’s conviction of being a felon in possession of a firearm, which is a Class E offense. MCL 777.16m. Defendant received a total OV score of 155 points. That score, combined with his prior record variable score of 70 points, placed him in the E-VI cell of the applicable sentencing grid, for which the minimum sentence range is 22 to 76 months for a fourth-offense habitual offender. MCL 777.66; MCL 777.21. The scores for OVs 1, 3, 4, and 9 increased defendant’s total OV score from 10 points to 155 points, which, in turn, changed his placement on the grid from OV Level II (10 to 24 points) to OV Level VI (75+ points), resulting in a higher guidelines range. Because defendant was sentenced before our Supreme Court’s decision in Lock-ridge and his placement in OV Level VI cannot be sustained on the basis of facts admitted by defendant or necessarily found by the jury, defendant has “establish [ed] a threshold showing of the potential for plain error sufficient to warrant a remand to the trial court for further inquiry.” Lockridge, 498 Mich at 395. Because I understand that all OV scores might be considered for some purpose by the Department of Corrections, I disagree with the majority’s conclusion that it is unnecessary to consider defendant’s challenges to all of them.
My understanding of Lockridge is that because the trial court’s scoring of the OVs was based on judicially found facts that increased the floor of the guidelines minimum sentence range, defendant is entitled to the Crosby remand procedure outlined in Lockridge. *173 Stokes, 312 Mich App at 197-203; Lockridge, 498 Mich at 395-399. On remand, the trial court should allow defendant an opportunity “ ‘to avoid resentencing by promptly notifying the [trial] judge that resentencing will not be sought.’ ” Lockridge, 498 Mich at 398, quoting United States v Crosby, 397 F3d 103, 118 (CA 2, 2005) (alteration in original). If the defendant does not wish to avoid resentencing, the court must determine if it “would have imposed a materially different sentence but for the unconstitutional constraint [considering] only the ‘circumstances existing at the time of the original sentence.’ ” Lockridge, 498 Mich at 398, quoting Crosby, 397 F3d at 117. The trial court may consider the judicially found facts underlying its original scoring when determining if departure from the guidelines minimum sentence range is appropriate. See Lockridge, 498 Mich at 391-392 (“[T]he sentencing court may exercise its discretion to depart from that guidelines range without articulating substantial and compelling reasons for doing so. A sentence that departs from the applicable guidelines range will be reviewed by an appellate court for reasonableness.”). If the sentencing court decides to depart from the guidelines minimum sentence range, it must state on the record its reasons for departure. MCL 769.34(3).
To be clear, I do not in any way wish to suggest that I believe the majority’s reasoning is irrational, fallacious, or wrong. I do not agree with it only because it does not make sense to me. The majority’s assertion that I somehow claim that “defendant’s evidentiary challenge need not be reached” appears equally to fail to apprehend my own reading of Lockridge and Sours. It is my hope that further developments in the law will provide additional guidance.