# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

       Plaintiff-Appellee,

v

JERRY RAY WOOSTER,

       Defendant-Appellant.

UNPUBLISHED
August 10, 2017

No. 332950
St. Joseph Circuit Court
LC No. 15-019995-FC

Before: HOEKSTRA, P.J., and MURPHY and K. F. KELLY, JJ.

PER CURIAM.

Defendant appeals as of right his jury trial convictions for first-degree child abuse, MCL 750.136b(2); unlawful imprisonment, MCL 750.349b; inducing a minor to commit a felony, MCL 750.157c; and three counts of first-degree child abuse in the presence of another child, MCL 750.136d(1)(a). Because defendant was not denied the effective assistance of counsel and defendant is not entitled to resentencing, we affirm.

According to the evidence introduced at trial, defendant physically abused his teenage daughter over a three day period in July of 2015. During those three days, defendant forced the victim to engage in a strict exercise regime and, when she did not perform exercises to his satisfaction, he beat her. Defendant repeatedly struck the victim with a spatula, he hit her with an open hand, he punched her with a closed fist, he spanked her, he burned the victim with a lighter, he banged her head into a wall and on the floor, kicked her in the ribs, knee and stomach, and he handcuffed her to a radiator. At the time of the abuse, defendant and the victim lived with defendant's girlfriend, who participated in the abuse; and, defendant also had the victim's teenaged sister supervise the exercises, during which she also struck the victim. Eventually, the victim escaped and contacted the police. Police officers photographed the victim's injuries and testified at trial with respect to the victim's injuries, which included a severe black eye, swollen face, cuts on her forehead, various bruises, and swollen arms. The victim also testified to an ongoing injury to her knee and a burn from the lighter as well as mental injuries, including memory problems, flashbacks and nightmares. The jury convicted defendant as noted above.

On appeal, defendant first argues that he was denied the effective assistance of counsel. In particular, defendant contends that his counsel should have (1) hired a private investigator to determine whether there were dents in the walls from the victim's head and whether it would have been possible to secure someone to the radiator with handcuffs, and (2) hired an expert to

-1-

rebut the testimony of the prosecution's expert, Dr. James Henry, who offered some general testimony at trial regarding the mental trauma that may be experienced by children who suffer physical abuse. We disagree.

There was no *Ginther*[1] hearing in the lower court, meaning that our review of defendant's ineffective assistance of counsel claim is limited to errors apparent on the record. *People v Payne*, 285 Mich App 181, 188; 774 NW2d 714 (2009). To prevail on a claim of ineffective assistance of counsel, a defendant must establish that "(1) the performance of his counsel was below an objective standard of reasonableness under prevailing professional norms and (2) a reasonable probability exists that, in the absence of counsel's unprofessional errors, the outcome of the proceedings would have been different." *People v Sabin (On Second Remand)*, 242 Mich App 656, 659; 620 NW2d 19 (2000). "Because the defendant bears the burden of demonstrating both deficient performance and prejudice, the defendant necessarily bears the burden of establishing the factual predicate for his claim." *People v Carbin*, 463 Mich 590, 600; 623 NW2d 884 (2001).

In this case, defendant has not provided any offer of proof, such as an affidavit, from an investigator or an expert explaining what testimony either potential witness could offer and how that testimony would have made a difference in the outcome of defendant's trial. As a result, defendant has failed to establish the factual predicate for his ineffective assistance of counsel claim, and he has not established a reasonable probability that, but for counsel's alleged error, the result of the proceedings would have been different. *Id.* at 600-601; *People v Ackerman*, 257 Mich App 434, 455; 669 NW2d 818 (2003). Thus, defendant has not shown that he was denied the effective assistance of counsel at trial.

Next, defendant challenges the scoring of offense variables (OVs) 7 and 19. In particular defendant contends that offense variable (OV) 7 was incorrectly scored at 50 points because, according to defendant, the abuse he inflicted on his daughter did not involve conduct beyond the minimum necessary to commit first-degree child abuse and the conduct did not increase the victim's fear or anxiety. With regard to OV 19, defendant argues that he did not interfere, or attempt to interfere, with the administration of justice. We disagree.

Defendant's scoring challenges are unpreserved. "Unpreserved sentencing errors are reviewed for plain error affecting substantial rights." *People v Meshell*, 265 Mich App 616, 638; 696 NW2d 754 (2005). See also *People v Kimble*, 470 Mich 305, 312; 684 NW2d 669 (2004).

OV 7 relates to "aggravated physical abuse." MCL 777.37(1). At the time defendant abused the victim, OV 7 was properly scored at 50 points when "[a] victim was treated with sadism, torture, or excessive brutality or conduct designed to substantially increase the fear and anxiety a victim suffered during the offense." MCL 777.37(1)(a), as amended by 2002 PA 127.[2]

---

[1] *People v Ginther*, 390 Mich 436; 212 NW2d 922 (1973).

[2] MCL 777.37(1) was amended by 2015 PA 137, which became effective January 5, 2016. However, defendant abused the victim in July of 2015, and we consider the trial court's scoring

In this case, the parties focus their arguments on the fourth category, i.e., whether the victim was treated with "conduct designed to substantially increase the fear and anxiety" that the victim suffered during the offense. Under this category, "the focus is on the intended effect of the conduct, not its actual effect on the victim." *People v Hardy*, 494 Mich 430, 441 n 29; 835 NW2d 340 (2013). "The relevant inquiries are (1) whether the defendant engaged in conduct beyond the minimum required to commit the offense; and, if so, (2) whether the conduct was intended to make a victim's fear or anxiety greater by a considerable amount." *Id.* at 443-444.

In pertinent part, MCL 750.136b(2) provides that "[a] person is guilty of child abuse in the first degree if the person knowingly or intentionally causes serious physical or serious mental harm to a child."[3] "Serious physical harm" is defined as "any physical injury to a child that seriously impairs the child's health or physical well-being, including, but not limited to, brain damage, a skull or bone fracture, subdural hemorrhage or hematoma, dislocation, sprain, internal injury, poisoning, burn or scald, or severe cut." MCL 750.136b(1)(f). "Serious mental harm" is "an injury to a child's mental condition or welfare that is not necessarily permanent but results in visibly demonstrable manifestations of a substantial disorder of thought or mood which significantly impairs judgment, behavior, capacity to recognize reality, or ability to cope with the ordinary demands of life." MCL 750.136b(1)(g).

Considering the elements of first-degree child abuse, it is obvious that defendant's conduct went beyond the minimum conduct required for a first-degree child abuse conviction and that his conduct was intended to considerably increase the victim's fear and anxiety. In particular, defendant could have accomplished first-degree child abuse by "merely" burning the victim or injuring her knee. See MCL 750.136b(1)(f). But, he did much more. The evidence showed that defendant beat the victim for hours at a time over the course of three days. He hit her all over her body with an open-hand as well as closed fist, he kicked her, pulled her hair, banged her head into the floor, hit her with utensils, and he gave her a bloody nose by slamming her face into a stair railing. He also made it possible for others to beat his child. Moreover, all of this violent conduct took place in the course of a supposed exercise regime, during which defendant forced a tired, dizzy teenager to engage in rigorous exercise while he and others watched. During these three days of abuse, he degraded the victim with insults about her weight, referring to her as a "fat f***." He also threatened the victim with physical harm, including a threat to burn her with a lighter if she did not perform an exercise correctly. And, when the victim tried to escape from the home, he threatened to break her arms and her jaw if she did not stop screaming and return inside. He later handcuffed her to a radiator for hours at a time. In short, for three days defendant subjected the victim to a prolonged ordeal of physical abuse, threats, and humiliation. His egregious conduct went far beyond the minimum for first-degree child abuse and it can be concluded from the evidence that his conduct was designed to

decision under the version of the statute in effect on the date the crime was committed. See MCL 769.34(2).

[3] First-degree child abuse in the presence of another child, MCL 750.136d(1)(a), requires that the offender violate MCL 750.136b(2) in the presence of another child.

substantially increase the victim's fear and anxiety. Given defendant's conduct, the trial court properly scored OV 7 at 50 points.[4]

With regard to OV 19, this variable relates to a "threat to the security of a penal institution or court or interference with the administration of justice or the rendering of emergency services." MCL 777.49(1). "OV 19 is generally scored for conduct that constitutes an attempt to avoid being caught and held accountable for the sentencing offense." *People v Sours*, 315 Mich App 346, 349; 890 NW2d 401 (2016). In particular, a score of 15 points[5] is appropriate when "[t]he offender used force or the threat of force against another person . . . to interfere with, attempt to interfere with, or that results in the interference with the administration of justice or the rendering of emergency services." MCL 777.49(1)(b). For instance, OV 19 may be scored for threats made to prevent the reporting of a crime, and "it is axiomatic that an offender's actual use of force, such as restraining or physically harming a victim, would also justify a score of 15 points if the force was used to prevent the victim from reporting a crime." *People v Smith*, 318 Mich App 281, 286; __ NW2d __ (2016).

In this case, the record shows that defendant used force and threats against the victim to interfere with the administration of justice. On the first day of the abuse, the victim tried to run away. She made it the bottom of the stairs outside the apartment, where she screamed to attract attention and held onto the railing in an effort to prevent defendant from dragging her back inside. At that time, defendant used force and slammed her face into the railing, bloodying her nose. He also used threats to silence the victim, telling the victim that he would break her jaw if she kept screaming and that he would break her arms if she did not let go of the railing. After the victim's aborted escape attempt, defendant restrained the victim by handcuffing her to a radiator to prevent her escape. When the victim eventually escaped from the home, she did exactly what it can be inferred that defendant wished to prevent: she immediately reported the abuse to the police. Given that defendant's threats, force, and restraints interfered with the victim's escape and reporting of the abuse, defendant's conduct supported the scoring of OV 19 at 15 points.

Finally, defendant contends that defense counsel provided ineffective assistance by failing to object to the scoring of OV 7 and OV 19 at sentencing. As we have discussed, these variables were appropriately scored by the trial court. "Failing to advance a meritless argument or raise a futile objection does not constitute ineffective assistance of counsel." *People v Ericksen*, 288 Mich App 192, 201; 793 NW2d 120 (2010). Because the trial court properly

---

[4] While the parties focus on whether defendant's conduct was designed to substantially increase the fear and anxiety the victim suffered during the offense, it strikes us that 50 points were also properly scored because it could easily be concluded that defendant subjected the victim to "sadism, torture, or excessive brutality." MCL 777.37(1)(a).

[5] Defendant argues on appeal that the trial court erred by scoring OV 19 at 10 points because, although defendant initially fled, he returned to the home before the police arrived and thus his flight did not interfere with the administration of justice. However, this argument relating to the propriety of scoring defendant's flight under MCL 777.49(1)(c) is wholly irrelevant because defendant was scored 15 points for OV 19.

scored OV 7 at 50 points and OV 19 at 15 points, any objection by trial counsel would have been meritless.  Thus, defendant was not denied effective assistance of counsel at sentencing.

Affirmed.


/s/ Joel P. Hoekstra
/s/ William B. Murphy
/s/ Kirsten Frank Kelly