*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

        Plaintiff-Appellee,

v

SEAN WILLIAM QUIGLEY,

        Defendant-Appellant.

UNPUBLISHED
August 13, 2019

No. 343751
Wayne Circuit Court
LC No. 13-009245-01-FC

Before: K. F. KELLY, P.J., and TUKEL and REDFORD, JJ.

PER CURIAM.

Defendant was convicted, following a jury trial, of terrorism, MCL 750.543f, kidnapping, MCL 750.349(1)(b), making a terrorist threat or false report of terrorism, MCL 750.543m, and making a false report of a bomb threat, MCL 750.411a(2)(b). Defendant appealed his convictions and sentences. This Court vacated defendant's conviction for terrorism, MCL 750.543f, by concluding that kidnapping could not serve as the predicate felony for the terrorism conviction, held that the trial court improperly scored offense variables (OV) 9 and 20, and remanded for resentencing and a determination of the appropriate amount of restitution. *People v Quigley*, unpublished per curiam opinion of the Court of Appeals, issued January 19, 2016 (Docket No. 322482), pp 3-13. On remand, defendant was resentenced to 10 to 20 years' imprisonment for making a terrorist threat or false report of terrorism and two to four years' imprisonment for making a false report of a bomb threat. The trial court failed to resentence defendant for kidnapping. Defendant appeals as of right. Again, we remand for resentencing.

## I. BASIC FACTS AND PROCEDURAL HISTORY

This case arises from defendant's attempts to have law enforcement check on his friend. Defendant had been unable to reach his friend and feared that she had either been forced into prostitution or became a victim of human trafficking. Defendant called the Westland Police Department and various federal law enforcement agencies for assistance. *Id*. at 1. Unable to obtain their help, defendant went to Westland City Hall and held the mayor's executive secretary hostage. Defendant told the secretary and others that he would detonate a bomb unless his demands were met. However, once defendant surrendered, law enforcement officers discovered

that defendant did not have a bomb. Instead, defendant had a phone charger and small flashlight. Defendant's actions resulted in convictions of terrorism, kidnapping, making a terrorist threat or false report of terrorism, and making a false report of a bomb threat. *Id*.

On appeal, this Court vacated defendant's conviction for terrorism, concluding that the kidnapping offense could not properly serve as the predicate felony for terrorism because it did not constitute a violent felony for purposes of Michigan's Anti-Terrorism Act, MCL 750.543b(a)(i) and (h). *Id*. at 5. We further held that the 25 point score for OV 9, addressing the number of victims, and the 100 point score for OV 20, addressing the mechanism of terrorism and whether an act or threat occurred, were improperly scored. *Id*. at 8-11. Finally, the case was remanded for a determination of the appropriate amount of restitution, if any, because of the disparity between the amount ordered by the court and the amount delineated in the presentence investigation report (PSIR).

On remand, defendant was resentenced by a successor judge. The updated PSIR erroneously advised the trial court that defendant's convictions for both terrorism and kidnapping were reversed on appeal. However, our decision only vacated the conviction for terrorism and the kidnapping conviction remained intact. Yet, this error was not corrected by the parties; both defendant and the prosecutor submitted that the kidnapping conviction was reversed on appeal. At the request of the prosecutor, the trial court scored OV 12, contemporaneous criminal acts, at five points, and OV 20, addressing the mechanism and act or threat of terror, at 100 points. The trial court then resentenced defendant to 10 to 20 years' imprisonment for the making a terrorist threat or false report of terrorism conviction, and two to four years' imprisonment for the making a false report of a bomb threat conviction.

Defendant filed this claim of appeal, challenging the scores for OV 12 and 20 and submitting that the sentence imposed was unreasonable and disproportionate. In response, the prosecutor filed a confession of error, agreeing that OV 12 and OV 20 were improperly scored and agreeing that a remand for resentencing was warranted. This Court rejected the prosecutor's confession of error, noting that the issues raised by defendant warranted plenary review. *People v Quigley*, unpublished order of the Court of Appeals, entered February 28, 2019 (Docket No. 343751). The prosecutor subsequently filed a brief on appeal, again agreeing to the relief requested regarding OV 12 and 20, and also addressing the need to resentence defendant for the kidnapping conviction.

II. ANALYSIS

Defendant argues that his sentence for making a terrorist threat or false report of terrorism is unreasonable because the trial court relied on inaccurate information and failed to consider potential mitigating factors. We agree that the court improperly relied on inaccurate information.

This Court determines whether a sentence is reasonable by applying the abuse of discretion standard of review. *People v Steanhouse*, 500 Mich 453, 471; 902 NW2d 327 (2017). A sentencing court abuses its discretion when it violates the principle of proportionality by imposing a sentence that is not "proportionate to the seriousness of the circumstances surrounding the offense and the offender." *Id*. at 474 (quotation marks and citation omitted).

Additionally, even though the sentencing guidelines are advisory, " '[s]entencing courts must . . . continue to consult the applicable guidelines range and take it into account when imposing a sentence . . . [and] justify the sentence imposed in order to facilitate appellate review.' " *Steanhouse*, 500 Mich at 470, quoting *People v Lockridge*, 498 Mich 358, 392; 870 NW2d 502 (2015). This Court reviews de novo issues involving the interpretation and application of the sentencing guidelines. *People v Rosa*, 322 Mich App 726, 742 n 9; 913 NW2d 392 (2018).

The minimum sentencing guidelines range for defendant's conviction of making a terrorist threat or false report of terrorism was 57 to 95 months. The trial court sentenced defendant to a minimum term of imprisonment of 120 months (10 years), which exceeded the upper end of the minimum guidelines range by 25 months. In order to exceed the guidelines, the court considered the "facts" that defendant "had the City of Westland under siege for several hours" and terrified the secretary for "several hours." The court also explained that it did not believe "that the sentencing guidelines [ ] adequately address[ed] the harm that [defendant] caused, the issues that [defendant] raised, and the lives that [defendant] put at risk."

A defendant has the right to be sentenced "according to accurately scored guidelines and in reliance on accurate information." *People v Francisco*, 474 Mich 82, 89; 711 NW2d 44 (2006). A sentence based on inaccurate information is invalid, and a defendant sentenced based on inaccurate information is entitled to resentencing. *Id*. at 89-91. The trial court relied on inaccurate information when sentencing defendant. The court stated that defendant held the secretary hostage making her terrified for "several hours." The secretary, however, testified at defendant's trial that she was held hostage for approximately one hour before she was able to escape.

Additionally, the court stated that the sentencing guidelines did not adequately consider the "lives that [defendant] put at risk." Offense Variable (OV) 9, however, considers the number of individuals that a defendant puts at risk of harm. MCL 777.39. MCL 777.39 provides, in relevant part:

(1) Offense variable 9 is number of victims. Score offense variable 9 by determining which of the following apply and by assigning the number of points attributable to the one that has the highest number of points:

* * *

(b) There were 10 or more victims who were placed in danger of physical injury or death, or 20 or more victims who were placed in danger of property loss……………………………………………………….…………25 points

(c) There were 2 to 9 victims who were placed in danger of physical injury or death, or 4 to 19 victims who were placed in danger of property loss……………………………………...…………………………...10 points

(d) There were fewer than 2 victims who were placed in danger of physical injury or death, or fewer than 4 victims who were placed in danger of property loss…………………………………………….…………………0 points

At defendant's original sentencing, the trial court assessed 25 points for OV 9 because it considered Westland taxpayers and first responders to be defendant's victims. This Court held that the trial court erred when it assessed points for OV 9 because the "community at large cannot be considered victims under OV 9" and the only person defendant actually put in "danger of physical injury" was the secretary. *Quigley*, unpub op at 9. Accordingly, although the trial court did not score this variable at resentencing, its assertion at resentencing that the sentencing guidelines did not adequately consider the "lives that [defendant] put at risk" ignores our prior holding addressing this issue. Therefore, the trial court relied on inaccurate information when sentencing defendant. An above guidelines score may be appropriate in this case, but the reasons for the sentencing departure must be based on accurate information.

Defendant also argues that the court failed to take into account potential mitigating factors such as defendant's lack of prior felony convictions and his health issues. Defendant acknowledges that all of this information is contained in the PSIR. The trial court stated at defendant's resentencing hearing that it reviewed the PSIR before the resentencing hearing. Therefore, the court was aware of these potential mitigating factors, but appears to have determined that they lacked a significant mitigating effect. Similarly, the court considered the fact that defendant did not actually have a bomb, but found that people nonetheless were placed in fear and did not know that defendant posed no actual threat, a factor that weighed against defendant.

Next, defendant argues that the trial court erred when it assessed points for OV 12 and OV 20. We agree.

This Court reviews "the proper interpretation and application of the legislative sentencing guidelines" de novo. *People v Sours*, 315 Mich App 346, 348; 890 NW2d 401 (2016) (quotation marks and citation omitted). The trial court's "factual determinations are reviewed for clear error and must be supported by a preponderance of the evidence." *Id*. (quotation marks and citation omitted). There is clear error if this Court "is left with a definite and firm conviction that a mistake has been made." *People v Waclawski*, 286 Mich App 634, 645; 780 NW2d 321 (2009) (quotation marks and citation omitted). "Whether the facts, as found, are adequate to satisfy the scoring conditions prescribed by statute, i.e., the application of the facts to the law, is a question of statutory interpretation, which an appellate court reviews de novo." *Sours*, 315 Mich App at 348 (quotation marks and citation omitted).

The trial court assessed five points for OV 12. The assessment of five points for OV 12 is proper if "[t]wo contemporaneous felonious criminal acts involving other crimes were committed." MCL 777.42(1)(e). The court appeared to determine that defendant committed the contemporaneous felonies of kidnapping and terrorism. However, kidnapping could not be considered when scoring OV 12 because defendant was actually convicted of that offense. See MCL 777.42(2)(a)(*ii*) (scoring of OV 12 is not proper if the other act has or will result in a separate conviction). At resentencing, the prosecution and trial court appear to have operated on the incorrect belief that this Court vacated defendant's kidnapping conviction. However, as noted, this Court only vacated defendant's terrorism conviction. *Quigley*, unpub op at 5. Accordingly, defendant should have been resentenced for kidnapping, and kidnapping cannot be considered when assessing points for OV 12 in this case based upon the conviction. On remand,

the trial court must resentence defendant for kidnapping as it should have done at defendant's first resentencing hearing.

Defendant also argues that the trial court erred when it assessed 100 points for OV 20. A court can assess 100 points for OV 20 if "[t]he offender committed an act of terrorism by using or threatening to use a harmful biological substance, harmful biological device, harmful chemical substance, harmful chemical device, harmful radioactive material, harmful radioactive device, incendiary device, or explosive device." MCL 777.49a(1)(a). "Act of terrorism" is defined in MCL 750.543b. MCL 777.49a(2)(a). MCL 750.543b provides:

> (a) "Act of terrorism" means a willful and deliberate act that is all of the following:
>
> (*i*) An act that would be a violent felony under the laws of this state, whether or not committed in this state.
>
> (*ii*) An act that the person knows or has reason to know is dangerous to human life.
>
> (*iii*) An act that is intended to intimidate or coerce a civilian population or influence or affect the conduct of government or a unit of government through intimidation or coercion.

MCL 750.543b(h) defines "violent felony":

> "Violent felony" means a felony in which an element is the use, attempted use, or threatened use of physical force against an individual, or the use, attempted use, or threatened use of a harmful biological substance, a harmful biological device, a harmful chemical substance, a harmful chemical device, a harmful radioactive substance, a harmful radioactive device, an explosive device, or an incendiary device.

And " '[d]angerous to human life' means that which causes a substantial likelihood of death or serious injury . . . ." MCL 750.543b(b).

This Court held that the trial court erred at defendant's first sentencing when it assessed 100 points for OV 20. *Quigley*, unpub op at 9-11. This was because the trial court "made no record to support [the] assessment and because defendant's threat considered alone, was not an act of terrorism under MCL 750.543b(a)." *Id*. at 11. The reason that defendant's threats alone were not an act of terrorism was because "there was no evidence demonstrating that defendant knew or had reason to know that the *threats themselves* were dangerous to human life." *Id*. Despite this Court's clear explanation, the trial court, when resentencing defendant, repeated the mistakes that it made during defendant's first sentencing hearing regarding the assessment of 100 points for OV 20.

At resentencing, the trial court essentially justified the assessment of 100 points for OV 20 by asserting that this Court said that the assessment of 100 points could be appropriate in this case. The court appeared to base the assessment of 100 points, once again, solely on defendant's

-5-

threats of terrorism. The trial court did not address the portion of this Court's opinion wherein it stated that for defendant's threats to be a terrorist act there must be evidence demonstrating that defendant knew the threats themselves were dangerous to human life. Therefore, the trial court erred when it assessed 100 points for OV 20 because defendant's threats, considered alone, did not constitute an act of terrorism under MCL 750.545b(a). On remand, the trial court, if it determines that an assessment of 100 points for OV 20 is appropriate, should ensure that the action or threat that forms the basis for the assessment of points meets *each* of the requirements set forth in MCL 750.545b(a).

In sum, the trial court erred when it assessed five points for OV 12 and 100 points for OV 20. With a prior record variable (PRV) total of 10 and an OV total of 110, these sentencing errors resulted in a sentencing guidelines range of 57 to 95 months' imprisonment for making a terrorist threat or false report of terrorism. Absent the errors, defendant's sentencing guidelines range would be 24 to 40 months' imprisonment. MCL 777.63. Accordingly, defendant is entitled to resentencing. See *People v Jackson*, 487 Mich 783, 793-794; 790 NW2d 340 (2010) (". . . a defendant is entitled to resentencing when the trial court erred in scoring an offense variable, and the error affected the statutory sentencing guidelines range.").

Remanded for resentencing. We do not retain jurisdiction.

/s/ Kirsten Frank Kelly
/s/ Jonathan Tukel
/s/ James Robert Redford