# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

        Plaintiff-Appellee,

v

JERALD LAVERE SOURS,

        Defendant-Appellant.

FOR PUBLICATION
May 10, 2016
9:00 a.m.

No. 326291
Branch Circuit Court
LC No. 14-051201-FH

Before: RIORDAN, P.J., and SAAD and MARKEY, JJ.

PER CURIAM.

Defendant, Jerald Lavere Sours, pleaded guilty to possession of methamphetamine, MCL 333.7403(2)(b)(i) and was sentenced as a second-offense habitual offender, MCL 769.10, to 47 months to 15 years' imprisonment with the sentence to run consecutively to his parole sentence. Defendant now appeals his sentence by leave granted. We remand to the trial court for resentencing under properly calculated guidelines.

Defendant argues that the trial court erred by assessing 10 instead of 0 points for offense variable (OV) 19 because defendant did not interfere with the administration of justice in relation to his sentencing offense merely because he was contemporaneously in violation of his parole. A claim that the sentencing guidelines range was improperly calculated is preserved by raising the issue "at sentencing, in a motion for resentencing, or in a motion to remand." *People v Kimble*, 470 Mich 305, 311; 684 NW2d 669 (2004). Here, defendant preserved this issue by moving the trial court to correct an invalid sentence based on the same claim that he raises on appeal; the trial court treated the motion as one for resentencing. Issues involving "the proper interpretation and application of the legislative sentencing guidelines, MCL 777.11 et seq., . . . are legal questions that this Court reviews de novo." *People v Morson*, 471 Mich 248, 255; 685 NW2d 203 (2004). On appeal, "the circuit court's factual determinations are reviewed for clear error and must be supported by a preponderance of the evidence. Whether the facts, as found, are adequate to satisfy the scoring conditions prescribed by statute, i.e., the application of the facts to the law, is a question of statutory interpretation, which an appellate court reviews de novo." *People v Hardy*, 494 Mich 430, 438; 835 NW2d 340 (2013).

"Offense variables are properly scored by reference only to the sentencing offense except when the language of a particular offense variable statute specifically provides otherwise." *People v McGraw*, 484 Mich 120, 135; 771 NW2d 655 (2009). The *McGraw* Court defined

"sentencing offense" as "the crime of which the defendant has been convicted and for which he or she is being sentenced." *Id*. at 122 n 3. In other words, "unless stated otherwise, only conduct that relates to the offense being scored may be considered" when determining the score for an offense variable. *People v Sargent*, 481 Mich 346, 350; 750 NW2d 161 (2008). The instructions for scoring OV 19 are found in MCL 777.49, which assigns 10 points if "[t]he offender otherwise interfered with or attempted to interfere with the administration of justice." MCL 777.49(c). "[T]he plain and ordinary meaning of 'interfere with the administration of justice' for purposes of OV 19 is to oppose so as to hamper, hinder, or obstruct the act or process of administering judgment of individuals or causes by judicial process." *People v Hershey*, 303 Mich App 330, 343; 844 NW2d 127 (2013).

OV 19 is generally scored for conduct that constitutes an attempt to avoid being caught and held accountable for the sentencing offense.[1] For example, in *People v Barbee*, 470 Mich 283; 681 NW2d 348 (2004), the defendant pleaded guilty to operating a motor vehicle while intoxicated. The trial court scored OV 19 at 10 points for interference with the administration of justice because defendant gave a false name to the police officer who initially stopped his car. *Id*. Our Supreme Court affirmed, reasoning that investigating crime "is critical to the administration of justice" and the defendant impeded that process by giving a false name to the police. *Id*. at 288. Additionally, in *People v Smith*, 488 Mich 193; 793 NW2d 666 (2010), the Court held that it was proper to score OV 19 on the defendant's manslaughter conviction where, after the crash which caused the victim's death, the defendant threatened the passenger who was in the defendant's vehicle at the time of the crash to keep her from talking to the police. *Id*. at 196-197, 202. The *Smith* Court held that "[t]he 'administration of justice' process . . . is not commenced until an underlying crime has occurred, which invokes the process." *Id*. at 202.

Here, the trial court erred by scoring 10 points for OV 19 during sentencing on defendant's possession of methamphetamine conviction because defendant's failure to report to his parole agent before committing a new felony, the sentencing offense, did not hinder the process of administering judgment for the sentencing offense. Under *McGraw*, the sentencing offense in this case is the possession-of-methamphetamine conviction because that is the crime for which defendant was being sentenced on June 23, 2014. See *McGraw*, 484 Mich at 122 n 3. Defendant was not being sentenced for the parole violation simultaneously. So, to be scored 10 points on OV 19 for interfering with the administration of justice, defendant would have had to have acted in a way that hindered the process of investigating and administering judgment for the methamphetamine offense. See, e.g., *Barbee*, 470 Mich at 284-285, 288; *Smith*, 488 Mich at 196-197. In this case, defendant was arrested immediately after being discovered with methamphetamine. The fact that he was also violating his parole had no effect on the process of

---

[1] OV 19 may also be properly scored when the sentencing offense itself necessarily involves interfering with the administration of justice. *People v Underwood*, 278 Mich App 334, 340; 750 NW2d 612 (2008). For example, OV 19 may be scored in a conviction for perjury. *Id*. at 338-340. Here, however, defendant's sentencing offense was possession of methamphetamine which, unlike perjury, does not inherently interfere with the administration of justice. Therefore, *Underwood* does not affect our analysis.

investigating, trying, and convicting him for the methamphetamine offense; therefore, OV 19 should have been scored at zero points. *Sargent*, 481 Mich at 350.

Because OV 19 was improperly scored resulting in an improperly calculated guidelines range, defendant is entitled to be resentenced. See *People v Francisco*, 474 Mich 82, 92; 711 NW2d 44 (2006) (A defendant is entitled to be resentenced if the original sentence was based on an inaccurately calculated guidelines range.). In this case, the trial court erroneously scored OV 19 at 10 rather than zero points. Assessing zero points for OV 19 moves defendant to OV Level I, which results in a corrected guidelines range of 10 to 28 months rather than 19 to 47 months. MCL 777.65; MCL 777.21(3)(a). Although the trial court stated that it might nonetheless consider defendant's conduct to be grounds for a departure, implying that it might have imposed the same sentence, defendant is still entitled to be resentenced because his minimum sentence of 47 months falls outside of the properly calculated minimum guidelines range of 10 to 28 months. See *Francisco*, 474 Mich at 89 n 8. There is simply no way of knowing what sentence the trial court would have imposed in light of the correctly calculated guidelines. See *id*. at 91. "Thus, requiring resentencing in such circumstances not only respects the defendant's right to be sentenced on the basis of the law, but it also respects the trial court's interest in having defendant serve the sentence that it truly intends." *Id*. at 92.

Defendant also argues the scoring of 10 points for OV 19 was based on unconstitutional judicial fact-finding. In *People v Lockridge*, 498 Mich 358, 399; 870 NW2d 502 (2015), our Supreme Court held that Michigan's sentencing guidelines are advisory, remedying the constitutional violation presented by allowing mandatory minimum sentences to be increased based on judicial fact-finding. Because we conclude that OV 19 should have been scored at zero points and defendant is entitled to be resentenced, defendant's *Lockridge* issue is now moot, and we need not address it. "An issue is moot when an event occurs that renders it impossible for the reviewing court to fashion a remedy to the controversy." *People v Cathey*, 261 Mich App 506, 510; 681 NW2d 661 (2004). This Court generally does not decide moot issues. *B P 7 v Bureau of State Lottery*, 231 Mich App 356, 359; 586 NW2d 117 (1998).

We remanded for resentencing. We do not retain jurisdiction.

/s/ Michael J. Riordan
/s/ Henry William Saad
/s/ Jane E. Markey