*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

        Plaintiff-Appellee,

v

MARVIN MASSEY,

        Defendant-Appellant.

UNPUBLISHED
March 21, 2019

No. 338183
Wayne Circuit Court
LC No. 16-002372-01-FC

Before: O'BRIEN, P.J., and JANSEN and RONAYNE KRAUSE, JJ.

PER CURIAM.

Defendant appeals as of right his jury trial convictions of assault with intent to do great bodily harm (AWIGBH), MCL 750.84, and felonious assault, MCL 750.82. Defendant was sentenced to 6 to 10 years' imprisonment for the AWIGBH conviction and two years' probation for the felonious assault conviction. Defendant only raises challenges related to his sentences. We remand for the trial court to either resentence defendant or explain its reasoning for the 15-month departure from the sentencing guidelines.

## I. SENTENCING GUIDELINES SCORING

Defendant argues that the trial court erred by assessing 10 points for prior record variable (PRV) 6 and assessing 25 points for offense variable (OV) 3. We disagree.

As recognized by this Court:

> Issues involving the "proper interpretation and application of the legislative sentencing guidelines, MCL 777.11 *et seq*., . . . are legal questions that this Court reviews de novo." On appeal, "the circuit court's factual determinations are reviewed for clear error and must be supported by a preponderance of the evidence. Whether the facts, as found, are adequate to satisfy the scoring conditions prescribed by statute, i.e., the application of the facts to the law, is a question of statutory interpretation, which an appellate court reviews de novo." [*People v Sours*, 315 Mich App 346, 348; 890 NW2d 401 (2016) (citations omitted; alteration in *Sours*).]

Defendant first argues that the trial court incorrectly scored PRV 6. "[PRV] 6 is relationship to the criminal justice system." MCL 777.56(1). "Under PRV 6, the trial court assesses points on the basis of the defendant's relationship to the criminal justice system when he or she committed the sentencing offense." *People v Johnson*, 293 Mich App 79, 85; 808 NW2d 815 (2011). PRV 6 is assessed 10 points if "[t]he offender is on parole, probation, or delayed sentence status or on bond awaiting adjudication or sentencing for a *felony*," MCL 777.56(1)(c) (emphasis added), but is assessed five points if "[t]he offender is on probation or delayed sentence status or on bond awaiting adjudication or sentencing for a *misdemeanor*," MCL 777.56(1)(d) (emphasis added).

When defendant was sentenced here, he was awaiting adjudication for an aggravated indecent exposure charge under MCL 750.335a(2)(b). According to defendant, the trial court should have only assessed five points for PRV 6 because MCL 750.335a(2)(b) is a misdemeanor. MCL 750.335a(2)(b) states that a person convicted of aggravated indecent exposure "is guilty of a misdemeanor punishable by imprisonment for not more than 2 years or a fine of not more than $2,000.00, or both." Though MCL 750.335a(2)(b) states that it is a misdemeanor, that statute is part of the Penal Code. Defendant was sentenced under the Code of Criminal Procedure, which defines a felony as an offense that "may be punished by imprisonment for more than 1 year or an offense expressly designated by law to be a felony." MCL 761.1(f). In *People v Smith*, 423 Mich 427, 444; 378 NW2d 384 (1985), our Supreme Court explained that "the Penal Code definitions apply only to the Penal Code" and "the definitions of the Code of Criminal Procedure are limited in application to that code." Thus, for purposes of sentencing defendant under the Code of Criminal Procedure, "felony" was defined as an offense punishable by more than one year imprisonment, MCL 761.1(f), so when scoring PRV 6, the trial court properly considered aggravated indecent exposure—with its punishment of up to two years' imprisonment—a felony.

Defendant next argues that the trial court improperly assessed 25 points for OV 3. "[OV] 3 is physical injury to a victim." MCL 777.33(1). OV 3 is assessed 25 points if "[l]ife threatening or permanent incapacitating injury occurred to a victim." MCL 777.33(1)(c). OV 3 is assessed 10 points if "[b]odily injury requiring medical treatment occurred to a victim." MCL 777.33(1)(d).

Defendant concedes that the victim received medical treatment for his injuries, which is consistent with an assessment of 10 points for OV 3. Defendant contends that the trial court improperly increased the score from 10 points to 25 points after finding that "[the victim] can't work." According to defendant, "[t]his finding is not consistent with testimony given at trial and [is] insufficient to justify an increase."

Defendant is mistaken. At trial, the victim testified that defendant stabbed him in the lung, neck, back, elbow, and shoulder, as well as in the back of his head. Following the attack, the victim had significant blood loss, was unconscious for two days, and stayed in the hospital for 8 to 10 days. By the time of trial, the victim still had a small hole in one of his lungs because it could not be repaired, and he could not work because his dominant hand had "significant nerve damage." The trial court did not clearly err by finding that, in light of the victim's inability to work and the reason for that inability as explained at trial, the victim suffered a life threatening or permanently incapacitating injury, thereby supporting a score of 25 points for OV 3. See MCL 777.33(1)(d).

## II. DEPARTURE SENTENCE

Defendant also argues that the trial court abused its discretion by exceeding defendant's advisory guidelines range of 29 to 57 months' imprisonment and imposing a minimum sentence of 6 years' (72 months') imprisonment. Because the trial court did not adequately explain its reasoning for exceeding the sentencing guidelines by 15 months, we remand to the trial court to either articulate why this level of departure is warranted or resentence defendant.

Defendant's minimum sentence of 72 months' imprisonment for his AWIGBH conviction was an upward departure from the minimum sentencing guidelines range of 29 to 57 months' imprisonment. As this Court explained in *People v Dixon-Bey*, 321 Mich App 490, 520-521; 909 NW2d 458 (2017):

> "A sentence that departs from the applicable guidelines range will be reviewed by an appellate court for reasonableness." *People v Lockridge*, 498 Mich 358, 392; 870 NW2d 502 (2015). "[T]he standard of review to be applied by appellate courts reviewing a sentence for reasonableness on appeal is an abuse of discretion. *People v Steanhouse*, 500 Mich 453, 471; 902 NW2d 327 (2017) [(*Steanhouse II*)]. In *Steanhouse* [*II*], the Michigan Supreme Court clarified that "the relevant question for appellate courts reviewing a sentence for reasonableness' is 'whether the trial court abused its discretion by violating the principle of proportionality . . . ." *Id*. The principle of proportionality is one in which
>
>> "a judge helps to fulfill the overall legislative scheme of criminal punishment by taking care to assure that the sentences imposed across the discretionary range are proportionate to the seriousness of the matters that come before the court for sentencing. In making this assessment, the judge, of course, must take into account the nature of the offense and the background of the offender." [*Id*. at 472, quoting *People v Milbourn*, 435 Mich 630, 651; 461 NW2d 1 (1990).]
>
> Under this principle, " 'the key test is whether the sentence is proportionate to the seriousness of the matter, not whether it departs from or adheres to the guidelines' recommended range.' " *Steanhouse* [*II*], 500 Mich at 472, quoting *Milbourn*, 435 Mich at 661.

The sentencing guidelines remain an "aid to accomplish the purposes of proportionality . . . ." *Dixon-Bey*, 321 Mich App at 524. The sentencing guidelines " 'provide objective factual guideposts that can assist sentencing courts in ensuring that the offenders with similar offense and offender characteristics receive substantially similar sentences.' " *Id*., quoting *People v Smith*, 482 Mich 292, 309; 754 NW2d 284 (2008) (brackets omitted). Our Supreme Court has been clear that while the sentencing guidelines are now merely advisory, they "remain a highly relevant consideration in a trial court's exercise of sentencing discretion . . . ." *Lockridge*, 498 Mich at 391. See also *Steanhouse II*, 500 Mich at 474-475. This Court further explained:

Because the guidelines embody the principle of proportionality and trial courts must consult them when sentencing, it follows that they continue to serve as a 'useful tool' or 'guideposts' for effectively combating disparity in sentencing. Therefore, relevant factors for determining whether a departure sentence is more proportionate than a sentence within the guidelines range continue to include (1) whether the guidelines accurately reflect the seriousness of the crime, *People v Houston*, 448 Mich 312, 321-322; 532 NW2d 508 (1995), see also *Milbourn*, 435 Mich at 657, (2) factors not considered by the guidelines, *Houston*, 448 Mich at 322-324, see also *Milbourn*, 435 Mich at 660, and (3) factors considered by the guidelines but given inadequate weight, *Houston*, 448 Mich at 324-325, see also *Milbourn*, 435 Mich at 660 n 27. [*Dixon-Bey*, 321 Mich App at 524-525.]

Other factors to consider "include 'the defendant's misconduct while in custody, *Houston*, 448 Mich at 323, the defendant's expressions of remorse, *id*., and the defendant's potential for rehabilitation, *id*.' " *Dixon-Bey*, 321 Mich App at 525 n 9, quoting *People v Steanhouse*, 313 Mich App 1, 46; 880 NW2d 297 (2015) (*Steanhouse I*).

In *Milbourn*, our Supreme Court observed:

Even where some departure appears to be appropriate, the extent of the departure (rather than the fact of the departure itself) may embody a violation of the principle of proportionality. See *People v McKinley*, 168 Mich App 496, 512; 425 NW2d 460 (1988). ("We do not dispute that a prison sentence—even a lengthy one—is in order. We conclude, however, that a fifteen-year minimum sentence for the events that occurred here is disproportionate to the specific acts committed and the danger involved. *Too frequently reasons are given for a sentence that apply equally to a lesser or greater sentence unless an explanation is offered on the record for the specific sentence given*. Such was the case here.") (Emphasis added.) [*Milbourn*, 435 Mich at 659-660 (footnote omitted).]

Therefore, when sentencing a defendant, a trial court must " 'justify the sentence imposed in order to facilitate appellate review,'" *Steanhouse II*, 500 Mich at 470, quoting *Lockridge*, 498 Mich at 392, which "includes an explanation of why the sentence imposed is more proportionate to the offense and the offender than a different sentence would have been." *Dixon-Bey*, 321 Mich App at 525, quoting *Smith*, 482 Mich at 311.

The trial court here explained that the departure sentence was justified based on the "egregious nature" of defendant's crime. The trial court further spoke at length regarding its belief that defendant "did what he did" because he was "drunk and high at the same time," and that he "just doesn't know how to handle his liquor and his weed." Giving deference to these latter statements, they could be construed as the trial court justifying its sentence based in part on the senselessness of defendant's actions. But the senselessness of a crime cannot justify a departure sentence because all crime is senseless. See *Smith*, 482 Mich at 311 n 42 (explaining that a departure cannot be justified based on a factor that all crimes share).

The trial court's only other justification for its departure sentence was the "egregious nature" of the crime. Generally, the egregious nature of a crime would trigger scoring under OV

7 (aggravated physical abuse), under which points may be assessed for excessive brutality, MCL 777.37; it would not, by itself, justify an upward departure. Yet the trial court refused to score OV 7 at all, so it is unclear how the "egregious nature" of the crime could justify the trial court's departure sentence. See *Dixon-Bey*, 321 Mich App at 526-527 (explaining that a departure sentence cannot be justified by factors that a trial court could have used to score otherwise unscored OVs); see also *Milbourn*, 435 Mich at 657 ("We note that departures are appropriate where the guidelines do not adequately account for important factors legitimately considered at sentencing.").

Moreover, the trial court failed to articulate any reasoning for the *extent* of the departure sentence imposed. See *Milbourn*, 435 Mich at 659 (explaining that the extent of a departure may violate the principle of proportionality). Thus, even if the trial court sufficiently justified its departure sentence based on the "egregious nature" of the crime, it failed to explain why the extent of the departure—15 months—was justified. Accordingly, we conclude that the trial court "abused its discretion in applying the principle of proportionality by failing to provide adequate reasons for the extent of the departure sentence imposed." *Steanhouse II*, 500 Mich at 476. Therefore, remand for the trial court to either justify the imposition and extent of its departure sentence, or to resentence defendant, is required. *Id*.

Remanded for the trial court to either resentence defendant or articulate why the 15-month departure is warranted. We retain jurisdiction.

/s/ Colleen A. O'Brien
/s/ Kathleen Jansen
/s/ Amy Ronayne Krause

## Court of Appeals, State of Michigan

## ORDER

People of the State of Michigan v Marvin Massey

Docket No.    338183

LC No.        2016-002372-01-FC

Colleen A. O'Brien
Presiding Judge

Kathleen Jansen

Amy Ronayne Krause
Judges

Pursuant to the opinion issued concurrently with this order, this case is REMANDED for further proceedings consistent with the opinion of this Court.  We retain jurisdiction.

Proceedings on remand in this matter shall commence within 21 days of the Clerk's certification of this order, and they shall be given priority on remand until they are concluded. As stated in the accompanying opinion, we direct the trial court to either resentence defendant or explain its reasoning for the 15-month departure from the sentencing guidelines.  The proceedings on remand are limited to this issue.

The parties shall promptly file with this Court a copy of all papers filed on remand. Within seven days after entry, appellant shall file with this Court copies of all orders entered on remand.

The transcript of all proceedings on remand shall be prepared and filed within 21 days after completion of the proceedings.

/s/ Colleen A. O'Brien

A true copy entered and certified by Jerome W. Zimmer Jr., Chief Clerk, on

March 21, 2019
Date

Chief Clerk