*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

Plaintiff-Appellee,

v

THOMAS COMPTON,

Defendant-Appellant.

UNPUBLISHED
April 25, 2019

No. 343328
Wayne Circuit Court
LC No. 17-007412-01-FC

Before: MARKEY, P.J., and FORT HOOD and GADOLA, JJ.

PER CURIAM.

Defendant appeals as of right his bench trial conviction of second-degree criminal sexual conduct, MCL 750.520c(2)(b), and his corresponding sentence of 19 months to 15 years' imprisonment. We affirm.

## I. FACTS

Defendant's conviction arises from his alleged sexual touching, on August 2, 2017, of his then nine-year-old grandniece, MC. During the bench trial, MC testified that she and her father, Everett Reid, were visiting defendant's house on the date of the incident. MC stated that she was picked up and carried from a bedroom into the living room of defendant's house, where she was laid on the couch. MC testified that, while she was on the couch, defendant reached beneath her shorts and underwear and touched her vagina, stopping only when her father returned to the house. Reid also testified during the bench trial and stated that, at the time of the incident, he was living with defendant, his uncle. Reid recalled that he went for a walk for 15 minutes to "cool down" after arguing with MC. When Reid returned to the house, he looked through the glass door and observed defendant "hanging over top of [MC] while she was spread eagle on the couch." Reid explained that MC was lying on the couch with her legs splayed, while defendant was "shoving his fingers down between her legs." Reid and MC immediately left the house, and Reid called the police. Defendant was arrested the same day.

-1-

II. ANALYSIS

A. OTHER-ACTS EVIDENCE

On appeal, defendant first contends that the trial court abused its discretion by considering evidence of prior acts of sexual touching when the prosecution failed to file a notice of intent to present such evidence in violation of MRE 404(b). We find defendant's contention lacking in merit.

As an initial matter, we must determine whether defendant preserved this evidentiary issue for review by objecting at trial on the same ground now advanced on appeal. See *People v Aldrich*, 246 Mich App 101, 113; 631 NW2d 67 (2001). On direct examination, the prosecution asked MC whether defendant touched her anywhere else during the incident, and she responded that defendant touched her chest. On cross-examination, defense counsel questioned MC what she was wearing the last time defendant allegedly touched her chest. The prosecutor objected, stating that defense counsel was referring to a prior act that had not been noticed under MRE 404(b). Defense counsel argued that the question did not concern a prior act, and the trial court overruled the prosecutor's objection. Defense counsel's questioning and challenge to the prosecutor's objection was likely premised on his mistaken but reasonable belief that MC was alleging that defendant touched her chest during the incident underlying the present charge rather than during a previous incident.

However, defense counsel continued questioning MC as follows:

*Defense Counsel*: . . . . This was August third[1] when you were touched on your chest?

*MC*: No. That was 13 days before.

* * *

*Defense Counsel*: And today is the first time that you were telling anybody that [defendant] touched you on your chest 13 days before August third, correct?

*MC*: Yes.

*Defense Counsel*: This is the first time you said that to anybody, is that correct?

*MC*: Yes.

---

[1] Although the presentence investigation report indicates that responding officers were dispatched and that defendant was arrested on August 2, 2017, MC testified that the incident occurred on August 3, 2017.

-2-

> *Defense Counsel*: . . . . When you met with [the prosecutor] on this past Thursday, you didn't tell him that [defendant] touched you on your chest 13 days prior to August third, is that correct?
>
> *MC*: I did.

Thus, it became readily apparent during defense counsel's questioning that defendant's alleged touching of MC's chest did indeed relate to a prior act under MRE 404(b) that occurred 13 days before the incident underlying the present charge. Yet, defense counsel did not renew an objection or seek to strike MC's testimony on that basis. Accordingly, we find that defendant failed to preserve this issue.

Generally, we review a trial court's decision to admit or exclude evidence for an abuse of discretion. *Aldrich*, 246 Mich App at 113. However, this Court reviews unpreserved claims of evidentiary error for plain error affecting substantial rights. *People v Coy*, 258 Mich App 1, 12; 669 NW2d 831 (2003). An error is plain if it is "clear or obvious," and it affects substantial rights if it "affected the outcome of the lower court proceedings." *People v Carines*, 460 Mich 750, 764; 597 NW2d 130 (1999). Reversal for evidentiary error is warranted only when the error "resulted in the conviction of an actually innocent defendant" or "seriously affect[ed] the fairness, integrity or public reputation of judicial proceedings." *Id*. at 763-764 (quotation marks and citation omitted) (alteration in original).

Assuming that MC's other-acts testimony was inadmissible under MRE 404(b) and MCL 768.27a due to the prosecution's failure to file a notice of intent, we nevertheless conclude that defendant is unable to demonstrate prejudicial error affecting the outcome of trial. Our review of the record reveals that the trial court did not consider testimony regarding alleged acts that occurred before the incident underlying the present charge. The trial court admonished the parties, both during discussions in chambers and on the record during Reid's testimony, to avoid introducing evidence implicating MRE 404(b). Specifically, the trial court stated, "[A]s to anything else that happened before the day in question I'm not going to allow it in light of the fact the People did not file proper notice." However, defense counsel, albeit unwittingly, elicited the challenged other-acts testimony from MC over the objection of the prosecutor and subsequently failed to renew an objection once his error became evident. This fact weighs against defendant's claim on appeal that the trial court erred by admitting this evidence. See *People v Beckley*, 434 Mich 691, 731; 456 NW2d 391 (1990) ("Defendant cannot now complain that the expert's testimony served to vouch for the complainant's credibility when he allowed and in fact drew out the response."). At no point during the remainder of trial or during closing argument did the prosecution or defense counsel reference MC's testimony that defendant touched her chest.

When summarizing the witnesses' testimony at the close of proofs, the trial court briefly referenced MC's allegation that defendant touched her chest 13 days before the alleged incident. However, the trial court did not consider this testimony in reaching its verdict. Rather, the trial court arrived at its verdict exclusively in reliance on MC's and Reid's testimony that defendant touched her vagina. Specifically, the trial court stated that it accorded minimal weight to MC's testimony in light of her weak memory of the incident but found Reid to be a credible witness, as his testimony corroborated MC's testimony that defendant touched her vagina while she lay on

the couch. The record thus demonstrates that the trial court not only declined to permit the introduction of other-acts evidence but also premised its verdict solely on the alleged conduct that took place on August 2, 2017. As such, we reject defendant's position that MC's testimony prejudicially affected the outcome of trial.

## 2. SCORING OF OFFENSE VARIABLES

Defendant next contends that the trial court improperly scored offense variables (OVs) 4 and 10, thereby erroneously inflating his sentencing guidelines range. Because we find that defendant waived this claim by affirmatively approving the trial court's scoring of these OVs, we decline to address the merits of defendant's argument.

"A claim that the sentencing guidelines range was improperly calculated is preserved by raising the issue at sentencing, in a motion for resentencing, or in a motion to remand." *People v Sours*, 315 Mich App 346, 348; 890 NW2d 401 (2016). Far from raising before the trial court the scoring issues challenged on appeal, defendant expressed agreement with the trial court's scoring of OVs 4 and 10:

> *The Court*: All right. So OV 4 is scored at 10, OV 10 is scored at 15. Any issues with those scores?

> *Defense Counsel*: OV 4, this is always a conundrum, your Honor. It's psychological injury to the victim. This is a young girl. I'll leave it to the Court's discretion.

> *The Court*: Oh, it's going to stay at 10.

> *Defense Counsel*: Okay. That's fine. I'm not going to – there's no umbrage. And I have no objection to OV 10. She's a young girl, you know. So I just – there are just some OV's you just can't argue with. And those two I would not have any umbrage with.

> * * *

> *The Court*: No one spoke about OV 10 so I'm assuming there's no dispute?

> *Defense Counsel*: Right. There's no dispute. At least I don't have any.

A party who intentionally relinquishes or abandons a known right waives that right and is foreclosed from thereafter seeking appellate review for a claimed deprivation of that right. *People v Carter*, 462 Mich 206, 215; 612 NW2d 144 (2000). Our Supreme Court has previously held that a defendant waived his right to challenge a trial court's jury instruction, thereby extinguishing any error, when defense counsel affirmatively approved that very instruction. *Id.* at 219. So too has defendant in the instant case waived his right to challenge the trial court's scoring of OVs 4 and 10 after defense counsel expressly approved the trial court's scoring. Indeed, in the absence of any objection, the trial court created no record enabling this Court to

review its basis for scoring those two OVs.  We therefore conclude that defendant is precluded from seeking appellate review of these issues.

Affirmed.

/s/ Jane E. Markey
/s/ Karen M. Fort Hood
/s/ Michael F. Gadola