*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

　　　　　　Plaintiff-Appellee,

v

LATOYA SHARESE POWELS,

　　　　　　Defendant-Appellant.

UNPUBLISHED
October 17, 2019

No. 342891
Wayne Circuit Court
LC No. 17-005454-02-FH

Before: METER, P.J., and, O'BRIEN and SWARTZLE, JJ.

PER CURIAM.

While severely intoxicated, defendant drove with her young children in the vehicle. The children were not secured in car seats, and when defendant was involved in an automobile accident, the children were ejected from the vehicle. One child died and two other children suffered serious physical harm. On appeal from multiple convictions, defendant argues that the trial court erroneously refused to instruct the jury regarding fourth-degree child abuse and that the trial court committed a scoring error entitling her to resentencing. Finding no basis for relief, we affirm.

## I. BACKGROUND

The jury convicted defendant, Latoya Sharese Powels, of involuntary manslaughter, MCL 750.321; three counts of second-degree child abuse, MCL 750.136b(3); operating a motor vehicle while intoxicated with a high bodily alcohol content, MCL 257.625(1)(c); operating a motor vehicle while intoxicated with an occupant under 16 years of age, MCL 257.625(7)(a)(*i*); and operating a motor vehicle while license suspended, revoked, or denied, MCL 257.904(1). The trial court sentenced defendant to a term of 5 to 15 years in prison for her involuntary manslaughter conviction, 2 to 10 years in prison for each of her second-degree-child-abuse convictions, and two years of probation for each of the remaining convictions.

On May 18, 2017, defendant visited her mother's home with her four minor children, whose ages ranged from six months to 13 years old. Defendant returned to her vehicle with her mother and the children, and proceeded to drive to the next destination. Defendant was involved in a serious automobile accident when another vehicle struck her vehicle and fled the scene.

-1-

After the accident, a blood test confirmed that defendant's bodily alcohol content was 0.231, almost three times greater than the legal limit.

The three younger children, who were not secured in car seats when the automobile accident occurred, were ejected from the vehicle. The youngest child died from his injuries sustained in the accident. The evidence at trial indicated that he suffered acute blood loss, head and facial lacerations, open skull fractures, and cardiac arrest because of a severe closed-head injury. Two of the other children were treated at the children's hospital. One of those children suffered multiple facial abrasions, including to the cheeks and head; multiple facial lacerations, including a 3-inch laceration on the left cheek; a significant abrasion on the right eye; and deep abrasions and lacerations on the left thigh. The other child suffered a foot fracture, foot strain, multiple abrasions and lacerations, and wounds on the hands. Both of those children underwent surgery for their injuries.

The jury convicted defendant and the trial court sentenced her as set forth above. This appeal followed.

## II. ANALYSIS

### A. JURY INSTRUCTION—LESSER INCLUDED OFFENSE

Defendant first argues that the trial court erred by refusing to instruct the jury regarding fourth-degree child abuse as a necessarily included lesser offense of second-degree child abuse. Without deciding whether fourth-degree child abuse is a necessarily included lesser offense of second-degree child abuse, we conclude that the trial court's failure to instruct the jury regarding the lesser charge was harmless because we cannot say that it is more probable than not that the failure to read that instruction was outcome determinative. Therefore, defendant is not entitled to relief on this issue.

This Court reviews de novo questions of law arising from the provision of jury instructions, but reviews for an abuse of discretion a trial court's determination whether a jury instruction is applicable to the facts of a case. *People v Guajardo*, 300 Mich App 26, 34; 832 NW2d 409 (2013). "A necessarily lesser included offense is an offense whose elements are completely subsumed in the greater offense." *People v Mendoza*, 468 Mich 527, 540; 664 NW2d 685 (2003). The Michigan Supreme Court has held that "a requested instruction on a necessarily included lesser offense is proper if the charged greater offense requires the jury to find a disputed factual element that is not part of the lesser included offense and a rational view of the evidence would support it." *People v Cornell*, 466 Mich 335, 357; 646 NW2d 127 (2002). The Court further explained, however, that "it is not error to omit an instruction on such lesser offenses, where the evidence tends only to prove the greater." *Id*. at 355-356 (cleaned up).

In this case, the prosecutor charged defendant with three counts of second-degree child abuse. Defendant requested that the trial court not only instruct the jury regarding second-degree child abuse, but also instruct the jury regarding fourth-degree child abuse. The trial court declined to instruct the jury regarding the lesser charge.

The elements of second-degree child abuse are described in MCL 750.136b(3), which provides, in pertinent part:

(3) A person is guilty of child abuse in the second degree if any of the following apply:

(a) The person's omission causes *serious physical harm* or serious mental harm to a child or if the person's reckless act causes *serious physical harm* or serious mental harm to a child.

(b) The person knowingly or intentionally commits an act likely to cause *serious physical* or mental *harm* to a child regardless of whether harm results. [Emphasis added.]

The elements of fourth-degree child abuse are described in MCL 750.136b(7), which provides:

(7) A person is guilty of child abuse in the fourth degree if any of the following apply:

(a) The person's omission or reckless act causes *physical harm* to a child.

(b) The person knowingly or intentionally commits an act that under the circumstances poses an unreasonable risk of harm or injury to a child, regardless of whether *physical harm* results. [Emphasis added.]

Thus, the one distinguishing characteristic between second-degree child abuse as described in MCL 750.136b(3) and fourth-degree child abuse as described in MCL 750.136b(7) is the degree of harm inflicted on the child.

On appeal, defendant argues that fourth-degree child abuse is a necessarily included lesser offense of second-degree child abuse, but provides no authority for that proposition. Defendant simply argues that the elements of fourth-degree child abuse are logically subsumed in the elements of second-degree child abuse. "It is not enough for an appellant in his brief simply to announce a position or assert an error and then leave it up to this Court to discover and rationalize the basis for his claims, or unravel and elaborate for him his arguments, and then search for authority either to sustain or reject his position." *People v Waclawski*, 286 Mich App 634, 679; 780 NW2d 321 (2009). Given the quantum of proof presented to the jury regarding the injuries suffered by defendant's children, we need not decide the question.

In this case, the trial court did not err by refusing to instruct the jury regarding fourth-degree child abuse. The Michigan Supreme Court has explained that "it is not error to omit an instruction" on lesser-included offenses "where the evidence tends only to prove the greater." *Cornell*, 466 Mich at 355-356 (cleaned up). In the context of the offenses at issue in this case, the term "physical harm" means "any injury to a child's physical condition." MCL 750.136b(1)(e). The term "serious physical harm," however, means "any physical injury to a child that seriously impairs the child's health or physical well-being, including, but not limited to, brain damage, a skull or bone fracture, subdural hemorrhage or hematoma, dislocation, sprain, internal injury, poisoning, burn or scald, or severe cut." MCL 750.136b(1)(f). As

-3-

described earlier, the evidence presented at trial in this case was more than sufficient to prove that the children suffered not only "physical harm" as defined in MCL 750.136b(1)(e), but "serious physical harm" as defined in MCL 750.136b(1)(f).

Even assuming arguendo that the instruction regarding fourth-degree child abuse should have been given, we conclude that any potential error was harmless in this case. "This Court has made it clear that harmless error analysis is applicable to instructional errors involving necessarily included lesser offenses." *Cornell*, 466 Mich at 361. Preserved, nonconstitutional error is not grounds for reversal "unless after an examination of the entire cause it shall affirmatively appear that it is more probable than not that the error was outcome determinative." *Id*. at 363 (cleaned up). And, because "we must consider the 'entire cause' pursuant to MCL 769.26, in analyzing this question, we must also consider what evidence has been offered to support the greater offense." *Id*. at 365.

In this case, the injuries suffered by the children clearly qualified as "serious physical harm," as required for second-degree child abuse, rather than merely "physical harm," as required for fourth-degree child abuse. One child died from his injuries and two of his siblings underwent surgery for their multiple injuries. Applying harmless error principles to this case, we conclude that any assumed instructional error was harmless because the evidence presented at trial overwhelmingly indicated that the children suffered "serious physical harm." The evidence was clearly sufficient to support the jury's guilty verdict regarding the greater offense of second-degree child abuse, and defendant therefore cannot demonstrate that it is more probable than not that the trial court's decision not to instruct the jury regarding fourth-degree child abuse was outcome determinative.

## B. OFFENSE VARIABLES 3 AND 8

Defendant next argues that the trial court erred by incorrectly assessing points for offense variables (OVs) 3 and 8.

Issues involving the proper interpretation and application of the legislative sentencing guidelines, MCL 777.11 *et seq*., are legal questions that this Court reviews de novo. *People v Sours*, 315 Mich App 346, 348; 890 NW2d 401 (2016) (cleaned up). We review for clear error the trial court's factual determinations, which must be supported by a preponderance of the evidence. *Id*. Whether the facts, as found, are adequate to satisfy the scoring conditions prescribed by statute is a question of statutory interpretation which this Court reviews de novo. *Id*.

First, defendant argues that the trial court erroneously assessed 15 points for OV 8, regarding the involuntary manslaughter conviction. OV 8 involves "victim asportation or captivity." MCL 777.38(1). A trial court must assess 15 points for OV 8 if "[a] victim was asported to another place of greater danger or to a situation of greater danger." MCL 777.38(1)(a). A trial court must assess zero points, however, if "[n]o victim was asported." MCL 777.38(1)(b). Defendant argues that she did not move the child to a place of greater danger because she was simply taking him home when the automobile accident occurred. Therefore, defendant contends that the trial court should have assessed zero points for OV 8.

In *People v Barrera*, 500 Mich 14; 892 NW2d 789 (2017), our Supreme Court held that the asportation element of OV 8 is satisfied if "a victim is carried away or removed to another place of greater danger or to a situation of greater danger." *Id*. at 21 (cleaned up). As our Supreme Court explained, "Nothing in the statute requires that the movement be greater than necessary to commit the sentencing offense, and we see no other basis for reading the statute as excluding the movement of a victim that is only incidental to that offense." *Id*. Therefore, "movement of a victim that is incidental to the commission of a crime nonetheless qualifies as asportation," for purposes of scoring OV 8. *Id*. at 17.

In this case, when assessing defendant 15 points for OV 8, the trial court made the following factual findings:

> The facts and circumstances in this case indicate that the defendant had a blood alcohol level of .23, did not put her children into—did not restrain her children into a car seat; as a result one died and one—and two had serious injuries. And I think that would meet based on the clear language of MCL 777.38(1)(a) that would meet the standard for victim asportation. So I will score it at 15.

The trial court did not clearly err in assessing 15 points for OV 8. The child was removed to a situation of greater danger when defendant left her mother's house, moved the child into the vehicle, failed to secure him in his car seat, and drove with him in the vehicle while severely intoxicated, resulting in his death. Because defendant moved the child from the grandmother's home to her vehicle and then drove with him in the vehicle unrestrained in a car seat, defendant asported the child to another place or situation of greater danger, compared to the situation the child faced in the grandmother's home. Therefore, the trial court did not clearly err in assessing 15 points for OV 8, regarding the involuntary manslaughter conviction.

Second, defendant argues that the trial court erroneously assessed 100 points for OV 3, regarding the second-degree-child-abuse convictions. Defendant argues that the trial court should have assessed only 50 points for OV 3 because defendant had a 0.231 bodily alcohol content and was the driver of a vehicle that was broadsided by another vehicle.

Offense variable 3 involves "physical injury to a victim." MCL 777.33(1). The statute instructs a trial court to score OV 3 "by determining which of the following apply and by assigning the number of points attributable to the one that has the highest number of points":

(a) A victim was killed........................... 100 points

(b) A victim was killed........................... 50 points

(c) Life threatening or permanent incapacitating injury occurred to a victim........................... 25 points

(d) Bodily injury requiring medical treatment occurred to a victim................................. 10 points

(e) Bodily injury not requiring medical treatment occurred to a victim................................. 5 points

(f) No physical injury occurred to a victim....... 0 points  [MCL 777.33(1).]

Therefore, under MCL 777.33(1), the trial court was permitted to assess either 50 or 100 points because the child was killed. Absent some other restriction in the language of the statute, the trial court was required to assign 100 points, as the "highest number of points" applicable. We must therefore turn to the remainder of the statute to determine which score was appropriate. MCL 777.33(2) provides, in pertinent part:

> (2) All of the following apply to scoring offense variable 3:
>
> * * *
>
> (b) Score 100 points if death results from the commission of a crime and homicide is not the sentencing offense.
>
> (c) Score 50 points if death results from the commission of a crime and the offense or attempted offense involves the operation of a vehicle, vessel, ORV, snowmobile, aircraft, or locomotive and any of the following apply:
>
> (*i*) The offender was under the influence of or visibly impaired by the use of alcoholic liquor, a controlled substance, or a combination of alcoholic liquor and a controlled substance.
>
> (*ii*) The offender had an alcohol content of 0.08 grams or more per 100 milliliters of blood, per 210 liters of breath, or per 67 milliliters of urine or, beginning October 1, 2021, the offender had an alcohol content of 0.10 grams or more per 100 milliliters of blood, per 210 liters of breath, or per 67 milliliters of urine.

Relying on the language of MCL 777.33(2)(c), defendant argues that the trial court was permitted to assess a maximum of 50 points for OV 3 because the child's death resulted from a crime involving the operation of a vehicle and defendant had a bodily alcohol content of 0.231.

We conclude that the trial court properly assessed 100 points for OV 3. The statute instructs a trial court to determine which of the listed factors apply and assign "the number of points attributable to the one that has *the highest number of points*." MCL 777.33(1) (emphasis added). In this case, both MCL 777.33(2)(b) and (c) were satisfied. Therefore, the trial court was required to assign 100 points, which was the highest number of points within the applicable statutory scheme.

Moreover, the reduction of 50 points in defendant's OV score would not affect defendant's appropriate guidelines range. The trial court assessed a total of 155 points for defendant's offense variables, regarding the second-degree-child-abuse convictions. The reduction of defendant's OV total from 155 to 105 points still results in placement within OV Level VI (75+ points) under the applicable sentencing grid. MCL 777.64. Because defendant's

sentencing-guidelines range would not change, resentencing would not be required even if OV 8 scored at 50 points. See *People v Francisco*, 474 Mich 82, 89 n 8; 711 NW2d 44 (2006). Therefore, defendant is not entitled to resentencing.

Affirmed.

/s/ Patrick M. Meter
/s/ Colleen A. O'Brien
/s/ Brock A. Swartzle