*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

Plaintiff-Appellee,

v

LYMON JETT III,

Defendant-Appellant.

UNPUBLISHED
February 27, 2020

No. 345195
Monroe Circuit Court
LC No. 18-244236-FH

Before: RIORDAN, P.J., and JANSEN and STEPHENS, JJ.

PER CURIAM.

Defendant appeals as of right his jury trial convictions of two counts of delivery of less than 50 grams of cocaine (second offense), MCL 333.7401(2)(a)(*iv*), and two counts of maintaining a drug house (second offense), MCL 333.7405(1)(d). Defendant was sentenced, as a fourth-offense habitual offender, MCL 769.12, to 32 to 480 months' imprisonment for both counts of delivery of less than 50 grams of cocaine and one year in jail for both counts of maintaining a drug house. We affirm.

This case arises from two controlled buys organized by the Monroe Area Narcotics Team and Investigative Services (MANTIS). During the first controlled buy, the confidential informant was given $150 and then contacted the dealer at the telephone number "734-833-5664."[1] Law enforcement officers surveilling the controlled buy observed a black male driving a silver F-150[2] arrive at the confidential informant's location. The confidential informant got into the truck and the driver drove to 118 Jerome Street where he exited the truck for a few minutes. The driver then drove the confidential informant back to the meet location. Once the driver left that location, the confidential informant provided Deputy Jon Lasotta with a "rocklike substance" that was later tested and found to be cocaine.

---

[1] This is defendant's cellphone number.

[2] This truck is registered in defendant's name at 118 Jerome Street.

-1-

During the second controlled buy, MANTIS officers observed a black male driving the same silver F-150 leave 911 Smith Street and drive to 118 Jerome Street. After driving to 118 Jerome Street, the driver drove to the meet location and met with the confidential informant. Once the driver left, the confidential informant provided Deputy Lasotta with "another rocklike substance."

MANTIS officers later executed search warrants at 118 Jerome Street and 911 Smith Street. The officers found small quantities of cocaine in addition to drug paraphernalia such as a digital scale and plastic bags. The officers also found cash. Defendant and the silver F-150 were both present at 911 Smith Street during the search. Residency documents with defendant's name were found at 118 Jerome Street.

## I. DIRECTED VERDICT

Defendant first argues that the prosecution failed to prove beyond a reasonable doubt that he was the individual who sold the confidential informant narcotics and that the trial court erred when it denied his motion for a directed verdict. We disagree.

"When reviewing a trial court's decision on a motion for a directed verdict, this Court reviews the record de novo to determine whether the evidence presented by the prosecutor, viewed in the light most favorable to the prosecutor, could persuade a rational trier of fact that the essential elements of the crime charged were proved beyond a reasonable doubt." *People v Quinn*, 305 Mich App 484, 491; 853 NW2d 383 (2014).

However, defendant failed to preserve this issue by moving for a directed verdict on the issue of identity. Thus, this Court's review is for plain error affecting substantial rights. "To avoid forfeiture under the plain error rule, three requirements must be met: 1) error must have occurred, 2) the error was plain, i.e., clear or obvious, 3) and the plain error affected substantial rights." *People v Carines*, 460 Mich 750, 763; 597 NW2d 130 (1999). "The third requirement generally requires a showing of prejudice, i.e., that the error affected the outcome of the lower court proceedings." *Id*. "Reversal is warranted only when the plain, forfeited error resulted in the conviction of an actually innocent defendant or when an error seriously affect[ed] the fairness, integrity or public reputation of judicial proceedings' independent of the defendant's innocence." *Id*. at 763-764.

"[I]t is well settled that identity is an element of every offense." *People v Yost*, 278 Mich App 341, 356; 749 NW2d 753 (2008). "Circumstantial evidence and reasonable inferences arising from that evidence can constitute satisfactory proof of the elements of a crime." *People v Oros*, 502 Mich 229, 239; 917 NW2d 559 (2018) (quotation marks and citation omitted). "It is for the trier of fact, *not the appellate court*, to determine what inferences may be fairly drawn from the evidence and to determine the weight to be accorded those inferences." *Id*. (quotation marks and citation omitted).

Defendant admitted that he owned the silver F-150 at issue in this case and that his cellphone number is "734-833-5664." Numerous law enforcement officers testified that they saw the silver F-150 at the location of the controlled buys. Similarly officers testified that the driver of the truck during the controlled buys was a black male who matched defendant's description.

The phone number "734-833-5664" was the number the confidential informant used to arrange the controlled buys. The driver of the truck also drove to 118 Jerome Street and 911 Smith Street, both of which are houses owned by defendant. Residency documents belonging to defendant were also found at 118 Jerome Street. Thus, there was circumstantial evidence linking defendant to the controlled buys, even though there was not direct testimony that defendant was the individual who sold the confidential informant narcotics. Therefore, the trial court did not plainly err when it denied defendant's motion for a directed verdict.

## II. CONFRONTATION CLAUSE

Second, defendant argues that his right to confrontation was violated when Deputy Lasotta testified that the confidential informant identified defendant as the individual from whom the informant was going to purchase drugs. We disagree.

A defendant must object to testimony that runs afoul of the Confrontation Clause in order to preserve the issue for appeal. See *People v Chambers*, 277 Mich App 1, 10; 742 NW2d 610 (2007). Defendant did not object to Deputy Lasotta's testimony regarding what the confidential informant said during his briefing. Thus, this issue is not preserved for appeal, and this Court's review is "for plain error affecting [defendant's] substantial rights." *Id.*

"A defendant has the right to be confronted with the witnesses against him or her." *Chambers*, 277 Mich App at 10, citing *Crawford v Washington*, 541 US 36, 42; 124 S Ct 1354; 158 L Ed 2d 177 (2004). "The Confrontation Clause prohibits the admission of all out-of-court testimonial statements unless the declarant was unavailable at trial and the defendant had a prior opportunity for cross-examination." *Id.* "A statement by a confidential informant to the authorities generally constitutes a testimonial statement." *Id.* "To rank as testimonial, a statement must have a primary purpose of establish[ing] or prov[ing] past events potentially relevant to later criminal prosecution." *People v Henry (After Remand)*, 305 Mich App 127, 153; 854 NW2d 114 (2014) (quotation marks and citations omitted).

Deputy Lasotta testified that, during the briefing of the confidential informant, the confidential informant told Deputy Lasotta that the individual he was contacting via cellphone to buy drugs from was defendant. This statement from a confidential informant to a law enforcement officer was testimonial in nature. The purpose of the statement was to demonstrate that the individual from whom the confidential informant was purchasing drugs was in fact defendant and the controlled buys were relevant to defendant's criminal prosecution. Therefore, because defendant did not have a prior opportunity to cross-examine the confidential informant, the admission of the informant's out-of-court statement was improper.

In this case, sufficient circumstantial evidence linked defendant to the controlled buys without consideration of the confidential informant's statement. Law enforcement officers placed defendant's truck at the location of the controlled buys and defendant's cellphone number was used to arrange the buys. Furthermore, the driver of the truck matched defendant's physical description. Accordingly, defendant has failed to establish that the admission of the confidential informant's statement affected the outcome of the trial and, therefore, he is not entitled to a new trial.

### III. INEFFECTIVE ASSISTANCE OF COUNSEL

Third, defendant argues that he received ineffective assistance of counsel when his attorney failed to request an *in camera* hearing to discover the identity of the confidential informant. We disagree.

In order to preserve a claim of ineffective assistance of counsel, "a defendant must move the trial court for a new trial or evidentiary hearing." *People v Lane*, 308 Mich App 38, 68; 862 NW2d 446 (2014). Defendant did not make a motion for a new trial or evidentiary hearing in the trial court. Because the trial court did not conduct a "hearing to determine whether [ ] defendant's counsel was ineffective, [this Court's] review is limited to mistakes apparent from the record." *Id*.

"[D]efendant's claim of ineffective assistance of counsel is a mixed question of fact and constitutional law." *Id*. at 67 (quotation marks and citation omitted). Findings of fact are reviewed for clear error, while questions of law are reviewed de novo. *Id*. at 67-68.

The Michigan Constitution and the Sixth Amendment to the United States Constitution both guarantee the "right to the effective assistance of counsel." *People v Shaw*, 315 Mich App 668, 672; 892 NW2d 15 (2016) (citations omitted). "To establish ineffective assistance of counsel, a defendant must show (1) that counsel's performance fell below an objective standard of reasonableness under prevailing professional norms and (2) that there is a reasonable probability that, but for counsel's error, the result of the proceedings would have been different." *Id*. This Court presumes that counsel gave defendant effective assistance. *Lane*, 308 Mich App at 68. "A defendant was prejudiced if, but for defense counsel's errors, the result of the proceeding would have been different." *Id*.

"Generally, the people are not required to disclose the identity of confidential informants." *Henry*, 305 Mich App at 156 (quotation marks and citation omitted). "However, when a defendant demonstrates a possible need for the informant's testimony, a trial court should order the informant produced and conduct an *in camera* hearing to determine if the informant could offer any testimony beneficial to the defense." *Id*.

Defendant does not state "a possible need for the informant's testimony." *Id*. Instead, defendant highlights the fact that a damaging out-of-court statement from the confidential informant was admitted at trial. This demonstrates that the confidential informant's testimony could have been harmful to defendant's case, and does nothing to advance defendant's argument that his attorney should have requested an *in camera* hearing. As defendant has failed to demonstrate that the confidential informant's testimony would have helped his defense, he has likewise failed to demonstrate that his attorney was deficient for failing to request an *in camera* hearing. Similarly, defendant has failed to establish prejudice because he has not indicated what helpful testimony the confidential informant could have provided that would have made a difference at trial. Thus, defendant has failed to establish that he received ineffective assistance of counsel.

## IV. OV 19

Finally, defendant argues that the trial court erred when it assessed 15 points for OV 19. Again, we disagree.

This Court reviews "the proper interpretation and application of the legislative sentencing guidelines" de novo. *People v Sours*, 315 Mich App 346, 348; 890 NW2d 401 (2016) (quotation marks and citation omitted). The trial court's "factual determinations are reviewed for clear error and must be supported by a preponderance of the evidence." *Id*. (quotation marks and citation omitted). There is clear error if this Court "is left with a definite and firm conviction that a mistake has been made." *People v Waclawski*, 286 Mich App 634, 645; 780 NW2d 321 (2009) (quotation marks and citation omitted). "Whether the facts, as found, are adequate to satisfy the scoring conditions prescribed by statute, i.e., the application of the facts to the law, is a question of statutory interpretation, which an appellate court reviews de novo." *Sours*, 315 Mich App at 348 (quotation marks and citation omitted).

OV 19 is properly assessed 15 points when "[t]he offender used force or the threat of force against another person or the property of another person to interfere with, attempt to interfere with, or that results in the interference with the administration of justice or the rendering of emergency services." MCL 777.49(b). "[T]he plain and ordinary meaning of interfere with the administration of justice for purposes of OV 19 is to oppose so as to hamper, hinder, or obstruct the act or process of administering judgment of individuals or causes by judicial process." *People v Hershey*, 303 Mich App 330, 343; 844 NW2d 127 (2013) (quotation marks and citations omitted).

The trial court assessed 15 points for OV 19 because defendant poked his original attorney in the face causing the attorney to withdraw. Because of the attorney's withdrawal, the court was unable to proceed with a scheduled trial date. The trial court correctly found that defendant used force when he poked his then-attorney in the face. This use of force interfered with the administration of justice because it caused a cancellation of defendant's scheduled trial date.

Defendant argues that because he did not intend to interfere with the administration of justice it was improper for the trial court to assess 15 points for OV 19. However, defendant does not point to any authority indicating that a defendant must intend the interference in order for 15 points to be assessed for OV 19, and the plain language of the OV does not mention intent. "An appellant may not merely announce his position and leave it to this Court to discover and rationalize the basis for his claims, nor may he give only cursory treatment with little or no citation of supporting authority." *People v Payne*, 285 Mich App 181, 195; 774 NW2d 714 (2009) (quotation marks and citation omitted). Thus, the trial court properly assessed 15 points for OV 19.

Affirmed.

/s/ Michael J. Riordan
/s/ Kathleen Jansen
/s/ Cynthia Diane Stephens

-5-