*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

Plaintiff-Appellee,

v

ANTOINE WILLIE-LEZELL MYERS,

Defendant-Appellant.

UNPUBLISHED
January 30, 2026
10:08 AM

No. 362506
Berrien Circuit Court
LC No. 2021-003480-FH

ON REMAND

Before: MURRAY, P.J., and BORRELLO and MARIANI, JJ.

PER CURIAM.

This case returns to us on remand from our Supreme Court to address a narrow sentencing issue. For the reasons set forth in this opinion, we remand for resentencing.

## I. BACKGROUND

As stated in more detail in our prior opinion,[1] defendant was convicted by a jury of two counts of possessing methamphetamine with the intent to deliver, MCL 333.7401(2)(b)(*i*); knowingly keeping a building for keeping or selling controlled substances (maintaining a drug house), MCL 333.7405(1)(d); knowingly keeping a vehicle for keeping or selling controlled substances (maintaining a drug vehicle), MCL 333.7405(1)(d); possessing a firearm while ineligible to do so (felon-in-possession of a firearm), MCL 750.224f(1); possessing ammunition while ineligible to do so (felon-in-possession of ammunition), MCL 750.224f(3); and three counts of carrying or possessing a firearm during the commission of a felony (felony-firearm), MCL 750.227b. Defendant was sentenced as a second-offense habitual offender, MCL 769.10, to serve 180 months to 40 years in prison for his first conviction of possessing methamphetamine with the

---

[1] See *People v Myers*, unpublished per curiam opinion of the Court of Appeals, issued September 19, 2024 (Docket No. 362506).

-1-

intent to distribute, 120 months to 40 years in prison for his second conviction of possessing methamphetamine with the intent to distribute, 30 months to 4 years in prison for each of his convictions of maintaining a drug house and maintaining a drug vehicle, 28 months to 7 years in prison for each of his felon-in-possession convictions, and 2 years in prison for each of his felony-firearm convictions. This Court affirmed defendant's convictions and sentences on appeal.

Defendant sought leave to appeal to our Supreme Court. The Supreme Court issued an order stating in relevant part: "[I]n lieu of granting leave to appeal, we REMAND this case to the Court of Appeals to allow the defendant to file a supplemental brief regarding whether, in light of *People v Lockridge*, 498 Mich 358 (2015), a court can double an individual's sentencing guidelines pursuant to MCL 333.7413(1)." *People v Myers*, ___ Mich ___; 21 NW3d 187 (2025). Leave to appeal was denied in all other respects. *Id*. Supplemental briefs having been filed by the parties, we now address this issue on the merits.

## II. ANALYSIS

As relevant to this appeal, MCL 333.7413 provides:

> (1) . . . an individual convicted of a second or subsequent offense under this article may be imprisoned for a term not more than twice the term otherwise authorized or fined an amount not more than twice that otherwise authorized, or both.
>
> * * *
>
> (4) For purposes of subsection (1), an offense is considered a second or subsequent offense, if, before conviction of the offense, the offender has at any time been convicted under this article or under any statute of the United States or of any state relating to a narcotic drug, marihuana, depressant, stimulant, or hallucinogenic drug.

Here, the prosecution requested that the trial court double defendant's sentencing guidelines ranges for his four drug-related convictions based on his prior conviction for possession of marijuana and evidence in the present case, such as the large amount of methamphetamine and weapons involved, suggesting that defendant was engaged in wholesale drug trafficking. The trial court decided to double the guidelines ranges on these counts, stating, "because of the prior conviction and based upon everything I've read on his history and what I saw in the course of the trial I think it's appropriate to double the guideline range." This had the effect of raising defendant's guidelines ranges for his two possession-with-intent-to-deliver convictions from 72 to 120 months to 144 to 240 months and from 51 to 85 months to 102 to 170 months, respectively. The ranges for his other two drug convictions went from 2 to 17 months to 4 to 34 months and from 0 to 17 months to 0 to 34 months, respectively. Defendant was sentenced as previously stated.

Our task, pursuant to the order of our Supreme Court, is to determine whether the trial court was prohibited from doubling defendant's sentencing guidelines under MCL 333.7413(1) because of our Supreme Court's holding in *Lockridge*. In *Lockridge*, our Supreme Court held that the Michigan sentencing guidelines violated the Sixth Amendment's fundamental right to a jury trial

to the extent that the guidelines required "judicial fact-finding beyond facts admitted by the defendant or found by the jury to score offense variables (OVs) that *mandatorily* increase the floor of the guidelines minimum sentence range, i.e., the 'mandatory minimum' sentence . . . ." *People v Lockridge*, 498 Mich 358, 364; 870 NW2d 502 (2015). Consequently, the Supreme Court made the guidelines advisory and struck down the requirement that a departure be supported by a substantial and compelling reason. *Id*. at 364-365, 391-392.

MCL 333.7413(1) provides a trial court with the discretion to impose a sentence of imprisonment "for a term not more than twice the term otherwise authorized" on a defendant convicted of a second or subsequent drug offense as defined by the statute. *People v Green*, 205 Mich App 342, 344-346; 517 NW2d 782 (1994). A trial court's discretionary sentencing decisions are reviewed on appeal for an abuse of discretion. *People v Norfleet*, 317 Mich App 649, 664; 897 NW2d 195 (2016). However, issues of statutory construction and whether a statute violates the Sixth Amendment are questions of law that this Court reviews de novo. *Lockridge*, 498 Mich at 373; *People v Sours*, 315 Mich App 346, 348; 890 NW2d 401 (2016).

In *People v Hines*, ___ Mich App ___, ___; ___ NW3d ___ (2025) (Docket No. 363151); slip op at 15, this Court held that "[p]ost-*Lockridge*, MCL 333.7413 has no effect on the advisory sentencing guidelines," but it "does, however, potentially increase the statutory minimum." We concluded in *Hines*:

> MCL 333.7413(1) provides, "an individual convicted of a second or subsequent offense under this article may be imprisoned for a term not more than twice the term otherwise authorized or fined an amount not more than twice that otherwise authorized, or both." Post-*Lockridge*, the minimum allowed sentence is no longer limited to twice the sentencing guidelines range. Rather, the enhanced minimum could be up to ⅔ of the new statutory maximum. See MCL 769.34(2)(b). The trial court would just be required to articulate its reasoning for increasing the statutory maximum, its reasoning for departing from the guidelines, and its reasoning supporting the extent of the departure. We, therefore, conclude that the trial court erred by "doubling the guidelines." [*Id*.]

Accordingly, this Court determined that the defendant in *Hines* was entitled to resentencing because the trial court erroneously doubled the guidelines to determine the defendant's minimum sentence even though the trial court had adequately explained its reasons for doubling the defendant's statutory maximum sentence pursuant to MCL 333.7413(1). *Id*. at ___, ___; slip op at 14-15, 20.

Here, the trial court made the same error by doubling defendant's sentencing guidelines to determine his minimum sentence pursuant to MCL 333.7413(1). *Id*. We therefore vacate defendant's sentences for his four drug-related convictions and remand this matter for resentencing under the framework set forth in *Hines*.

Remanded for resentencing. We do not retain jurisdiction.

/s/ Stephen L. Borrello
/s/ Philip P. Mariani