*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

      Plaintiff-Appellee,

v

MICHAEL JERMAINE THOMPSON,

      Defendant-Appellant.

UNPUBLISHED
December 5, 2019

No. 343634
Calhoun Circuit Court
LC No. 2017-002711-FH

Before: TUKEL, P.J., and SAWYER and RIORDAN, JJ.

PER CURIAM.

Defendant appeals as of right his jury conviction of first-degree home invasion, MCL 750.110a(2). The trial court sentenced defendant, as a fourth-offense habitual offender, MCL 769.12, to serve 10 to 20 years' imprisonment. We affirm.

## I. FACTS

Defendant broke into a house through the kitchen window while the homeowner, his girlfriend, and their two children were sleeping. When the homeowner went to investigate the noise in the kitchen, he found defendant, whom he recognized. Defendant testified that he entered the house to get marijuana from the kitchen cabinet. The homeowner and defendant then fought and, in the course of their fight, traveled outside. Defendant was arrested outside by police when they arrived.

## II. ANALYSIS

Defendant argues that the trial court erred by scoring 10 points for offense variable (OV) 4. Because defendant waived the issue of his sentencing guidelines calculation, however, we need not address this argument on the merits.

"A claim that the sentencing guidelines range was improperly calculated is preserved by raising the issue at sentencing, in a motion for resentencing, or in a motion to remand." *People v Sours*, 315 Mich App 346, 348; 890 NW2d 401 (2016) (citation and quotation marks omitted); see also MCL 769.34(10). At sentencing, defendant failed to argue that the sentencing

-1-

guidelines range was improperly calculated, nor did he make that argument in a motion for resentencing or in a motion to remand. Thus, the issue is unpreserved.

Unpreserved issues are reviewed for plain error. *People v Cain*, 498 Mich 108, 116; 869 NW2d 829 (2015).

> To avoid forfeiture under the plain error rule, three requirements must be met: 1) error must have occurred, 2) the error was plain, i.e., clear or obvious, 3) and the plain error affected substantial rights. The third requirement generally requires a showing of prejudice, i.e., that the error affected the outcome of the lower court proceedings. It is the defendant rather than the Government who bears the burden of persuasion with respect to prejudice. Finally, once a defendant satisfies these three requirements, an appellate court must exercise its discretion in deciding whether to reverse. Reversal is warranted only when the plain, forfeited error resulted in the conviction of an actually innocent defendant or when an error seriously affected the fairness, integrity or public reputation of judicial proceedings independent of the defendant's innocence. [*People v Carines*, 460 Mich 750, 763-764; 597 NW2d 130 (1999) (quotation marks, citations, and brackets omitted).]

In the instant context, prejudice "requires a showing . . . that the error affected the outcome of the lower court proceedings." *People v Chelmicki*, 305 Mich App 58, 69; 850 NW2d 612 (2014) (quotation marks and citation omitted).

Waiver, by contrast, occurs when a defendant "affirmatively approve[s]" of an issue before the trial court, only to later argue on appeal that there was error. *People v Jackson*, 313 Mich App 409, 420; 884 NW2d 297 (2015). "Because error requiring reversal cannot be error to which the aggrieved party contributed by plan or negligence," a defendant's approval of a trial court decision waives the right to appeal. *People v Gonzalez*, 256 Mich App 212, 224; 663 NW2d 499 (2003), disapproved in part on other grounds 469 Mich 967 (2003) (citation and quotation marks omitted). When waiver occurs, the error is extinguished "and precludes defendant from raising the issue on appeal." *People v Carter*, 462 Mich 206, 209, 215; 612 NW2d 144 (2000).

At sentencing, the following colloquy occurred between the trial judge and Ronald Pichlik (Pichlik), defendant's trial attorney:

> *The Court*: Mr. Pichlik, have you had enough time to go over this report?

> *Mr. Pichlik*: Yes, Your Honor. My client and I have gone over the report thoroughly.

> *The Court*: All right. Do you believe the information in the report is accurate?

> *Mr. Pichlik*: I believe the information in the report is accurate.

> *The Court*: And do you believe the guidelines are correctly scored?

*Mr. Pichlik*: And I believe the guidelines are correctly scored.

Thus, defendant affirmatively approved of the sentencing guidelines score at sentencing. Consequently, any error by the trial court was extinguished. See *Carter*, 462 Mich at 209, 215.

Moreover, even if we were to review for plain error, defendant's argument nevertheless would fail. Under MCL 769.34(10),

> [i]f a minimum sentence is within the appropriate guidelines sentence range, the court of appeals shall affirm that sentence and shall not remand for resentencing absent an error in scoring the sentencing guidelines or inaccurate information relied upon in determining the defendant's sentence. A party shall not raise on appeal an issue challenging the scoring of the sentencing guidelines or challenging the accuracy of information relied upon in determining a sentence that is within the appropriate guidelines sentence range unless the party has raised the issue at sentencing, in a proper motion for resentencing, or in a proper motion to remand filed in the court of appeals.

Thus, if the sentence is within the appropriate guidelines sentence range, it is only appealable if there was a scoring error or inaccurate information was relied upon in determining the sentence and the issue was raised at sentencing, in a motion for resentencing, or in a motion to remand. *People v Kimble*, 470 Mich 305, 310-311; 684 NW2d 669 (2004).

As noted, defendant failed to raise the scoring error at sentencing, in a proper motion for resentencing, or in a proper motion to remand with this Court. Thus, defendant can only challenge his sentence through other avenues, such as an ineffective assistance of counsel claim.

Affirmed.

/s/ Jonathan Tukel
/s/ David H. Sawyer
/s/ Michael J. Riordan