*If this opinion indicates that it is "FOR PUBLICATION," it is subject to
revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

Plaintiff-Appellee,

v

RANDEY ALAN KIENUTSKE,

Defendant-Appellant.

UNPUBLISHED
May 20, 2021

No. 351555
Shiawassee Circuit Court
LC Nos. 2018-002623-FH; 2019-
003493-FH

Before: SAWYER, P.J., and STEPHENS and RICK, JJ.

PER CURIAM.

Defendant appeals by delayed leave granted[1] the sentences imposed for three violations of the Sex Offenders Registration Act (SORA), MCL 28.721 *et seq*. In case number 2018-002623-FH, defendant pleaded guilty to violating SORA by failing to register his address, MCL 28.725(1)(a); MCL 28.729(1)(a), and by providing a false address, MCL 28.727(6); MCL 28.729(1)(a), and he was sentenced to serve 23 to 72 months' imprisonment for each offense. In case number 2019-003493-FH, defendant pleaded guilty to violating SORA by failing to register his address, MCL 28.725(1)(a); MCL 28.729(1)(a), and he was sentenced to serve 21 to 72 months' imprisonment.[2] We affirm.

## I. BACKGROUND

This case arises out of defendant's failure to comply with the requirements of SORA in April 2018 and July 2018. In 2014, defendant pleaded guilty to fourth-degree criminal sexual

---

[1] *People v Kienutske*, unpublished order of the Court of Appeals, entered January 23, 2020 (Docket No. 351555).

[2] MCL 28.725, MCL 28.727, and MCL 28.729 were amended, effective March 24, 2021, by 2020 PA 295. However, MCL 28.725(1)(a), MCL 28.727(6), and MCL 28.729(1)(a) were unaffected. In addition, portions of MCL 28.725 and MCL 28.727 were declared unconstitutional as to all registrants in *Doe v Snyder*, 449 F Supp 3d 719 (ED Mich, 2020). However, the relevant subsections of MCL 28.725 and MCL 28.727 were not affected.

conduct (CSC-IV) (force or coercion), MCL 750.520e(1)(b). Because of that conviction, defendant was required to register as a sex offender for life and verify his address on a quarterly basis. Defendant testified that he was required to report under SORA but failed to report an address change in April 2018. He also testified that he provided his girlfriend's address, which was a false address, and admitted that he knew it was not his address. After an investigation, defendant was placed at the Shiawassee County Jail until he posted bond in May 2018. Defendant also testified that he failed to verify his address in June 2018. Subsequently, defendant absconded while on bond. He turned himself in to the Shiawassee County Sheriff's Department in February 2019.

Defendant pleaded guilty to two counts of failure to comply with SORA in Case No. 2018-002623-FH, and one count of failure to comply with SORA in Case No. 2019-003493-FH, in exchange for the prosecution's agreement that it would not issue a charge for absconding on bond in Case No. 2018-002623-FH.

## II. OV 19

Defendant first argues that the trial court erred by assessing 10 points for offense variable (OV) 19. We disagree.

### A. ISSUE PRESERVATION AND STANDARD OF REVIEW

"A claim that the sentencing guidelines range was improperly calculated is preserved by raising the issue at sentencing, in a motion for resentencing, or in a motion to remand." *People v Sours*, 315 Mich App 346, 348; 890 NW2d 401 (2016) (quotation marks and citation omitted); see also MCR 6.429(C). Defendant did not object to the scoring of OV 19 at his sentencing. Therefore, this issue is unpreserved.

This Court reviews de novo whether the trial court's interpretation and application of the legislative sentencing guidelines was proper. *Id.* On appeal, the trial court's "factual determinations are reviewed for clear error and must be supported by a preponderance of the evidence." *Id.* (quotation marks and citation omitted). Clear error occurs "when the reviewing court is left with a definite and firm conviction that an error occurred." *People v McChester*, 310 Mich App 354, 358; 873 NW2d 646 (2015), lv den 499 Mich 855 (2016) (quotation marks and citation omitted). A court may consider "all record evidence, including the contents of a PSIR, plea admissions, and testimony presented at a preliminary examination," when calculating the sentencing guidelines. *Id.*

However, this Court reviews unpreserved sentencing issues for plain error. *People v McLaughlin*, 258 Mich App 635, 670; 672 NW2d 860 (2003), lv den 469 Mich 1045 (2004). There are three requirements to avoid forfeiture under the plain error rule: "1) error must have occurred, 2) the error was plain, i.e., clear or obvious, 3) and the plain error affected substantial rights." *People v Carines*, 460 Mich 750, 763; 597 NW2d 130 (1999). Reversal is only warranted when a plain error resulted in the conviction of an innocent defendant or "seriously affect[ed] the fairness, integrity or public reputation of judicial proceedings independent of the defendant's innocence." *Id.* at 763 (quotation marks and citations omitted; alteration in original).

### B. ANALYSIS

We first note that defendant has waived this issue. Because his counsel expressly stated in the trial court that the score of 10 points for OV 19 in Case No. 2018-002623 was "correct," defendant waived his challenge to the score. See *People v Carter*, 462 Mich 206, 215; 612 NW2d 144 (2000). Further, defendant has abandoned his challenge by failing to properly argue the merits of this issue. See *People v Lopez*, 305 Mich App 686, 694; 854 NW2d 205 (2014). Defendant argues only that the trial court erred by assessing 10 points for OV 19 on the basis of his failure to comply with SORA; however, the trial court assessed 10 points for OV 19 on the basis that defendant absconded while on bond. Defendant has therefore failed to address the basis of the trial court's decision regarding OV 19. See *Seifeddine v Jaber*, 327 Mich App 514, 522; 934 NW2d 64 (2019).

Nevertheless, we conclude that the trial court properly scored 10 points for OV 19. OV 19 addresses "threat[s] to the security of a penal institution or court or interference with the administration of justice or the rendering of emergency services." MCL 777.49. Ten points are assessed for OV 19 when "[t]he offender otherwise interfered with or attempted to interfere with the administration of justice . . . ." MCL 777.49(c). For the purposes of OV 19, "interfere with the administration of justice" means "to hamper, hinder, or obstruct the act or process of administering judgment of individuals or causes by judicial process." *People v Sours*, 315 Mich App 346, 349; 890 NW2d 401 (2016) (quotation marks and citation omitted). "OV 19 is generally scored for conduct that constitutes an attempt to avoid being caught and held accountable for the sentencing offense." *Id*. OV 19 may be scored on the basis of the defendant's conduct after the sentencing offense was completed. *People v Smith*, 488 Mich 193, 195; 793 NW2d 666 (2010).

Interference with the administration of justice includes, but is not limited to, acts that constitute obstruction of justice. *People v Ericksen*, 288 Mich App 192, 204; 793 NW2d 120 (2010). In addition, the defendant's conduct does not have to rise to the level of a chargeable offense to constitute interference with the administration of justice. *People v Barbee*, 470 Mich 283, 287; 681 NW2d 348 (2004).

In this case, defendant absconded while on bond until he turned himself in to the Shiawassee County Sheriff's Department in February 2019. During that time, defendant's trial was adjourned because of his absence. It was appropriate to assess 10 points for OV 19 because when he absconded on bond he successfully avoided being held accountable for the sentencing offenses in Case No. 2018-002623-FH, until he turned himself in. See *Sours*, 315 Mich App at 349. Accordingly, the trial court did not err by assessing 10 points for OV 19.

## III. INEFFECTIVE ASSISTANCE OF COUNSEL

Defendant additionally appears to argue that defense counsel was ineffective because he failed to object to the scoring of OV 19. We disagree.

## A. ISSUE PRESERVATION AND STANDARD OF REVIEW

A defendant must move for a new trial or a *Ginther*[3] hearing in the trial court to preserve a claim of ineffective assistance of counsel. *People v Payne*, 285 Mich App 181, 188; 774 NW2d 714 (2009), lv den 486 Mich 925 (2010). In addition, a defendant may preserve this issue by filing a motion to remand for a *Ginther* hearing. *People v Abcumby-Blair*, ___ Mich App ___, ___; ___ NW2d ___ (2020) (Docket No. 347369); slip op at 8. Defendant did not move for an evidentiary hearing or for a new trial in the trial court, and has not filed a motion to remand in this Court. Accordingly, this Court's review is limited to errors apparent from the record. *People v Riley*, 468 Mich 135, 139; 659 NW2d 611 (2003).

The determination of whether a defendant has been deprived of effective assistance of counsel is "a mixed question of law and fact . . . ." *People v Trakhtenberg*, 493 Mich 38, 47; 826 NW2d 136 (2012). "This Court reviews de novo whether defense counsel's acts or omissions fell below an objective standard of reasonableness under prevailing professional norms and whether, without the error, the result of the proceedings would have been different." *People v McFarlane*, 325 Mich App 507; 926 NW2d 339 (2018).

## B. ANALYSIS

To establish that a defendant has been denied the effective assistance of counsel, it must be shown that "(1) counsel's performance fell below an objective standard of reasonableness and (2) but for counsel's deficient performance, there is a reasonable probability that the outcome would have been different." *People v Trakhtenberg*, 493 Mich 38, 51; 826 NW2d 136 (2012). The defendant "bears the burden of demonstrating both deficient performance and prejudice . . . ." *People v Jackson (On Reconsideration)*, 313 Mich App 409, 432; 884 NW2d 297 (2015) (quotation marks and citation omitted).

As discussed, the trial court properly assessed 10 points for OV 19 on the basis that defendant absconded while on bond. Therefore, any objection to the scoring of OV 19 would have been futile. Defense counsel was not ineffective for failing to make a futile objection. *Ericksen*, 288 Mich App at 201. Therefore, defendant was not denied the effective assistance of counsel.

Affirmed.

/s/ David H. Sawyer
/s/ Cynthia Diane Stephens
/s/ Michelle M. Rick

---

[3] *People v Ginther*, 390 Mich 436; 212 NW2d 922 (1973).