*If this opinion indicates that it is "FOR PUBLICATION," it is subject to
revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

UNPUBLISHED
October 22, 2024
10:39 AM

Plaintiff-Appellee,

v

No. 367175
Calhoun Circuit Court
LC No. 2021-002831-FH

CORNELL EUGENE BROWN, JR.,

Defendant-Appellant.

Before: YATES, P.J., and CAVANAGH and MARIANI, JJ.

PER CURIAM.

Defendant appeals by right his jury-trial conviction of assault with a dangerous weapon (felonious assault), MCL 750.82(1).[1]  Defendant was sentenced as a fourth-offense habitual offender, MCL 769.12, to serve 58 months' to 15 years' imprisonment.  We affirm.

## I.  BACKGROUND

On August 12, 2021, defendant intentionally struck the victim with his car as she stood behind her car on the side of the street.  The victim and one of her sons testified that, at the time of the incident, the victim had just driven a few of her children to their grandmother's house for a visit.  Once there, the victim parked near the curb in front of the house, and she and two of her sons got out of the car.  Another son, who was younger, remained inside of the car.  The victim then circled around to the back of her car and stood near her trunk while her two sons stood in their grandmother's front yard and socialized with several other family members.

---

[1] Defendant was charged with assault with intent to do great bodily harm less than murder (AWIGBH), MCL 750.84, but was convicted of the lesser-included offense of felonious assault.

The victim and her son testified that while the victim was standing behind her car, the victim's son pointed out that defendant was driving down the road toward her.[2] The victim looked up and saw defendant a few houses down the road and driving toward her much faster than the posted 25-mile-per-hour speed limit, but she was dismissive because she did not believe that he would hit her. The victim's son testified that almost immediately after he spotted defendant on the road, defendant revved his engine and "started speeding" up approximately three or four houses down from where the victim stood, then "swerved over" and struck the victim with his car. The force of the impact slammed the victim into her car, and she subsequently fell to the ground.

The victim testified that she "black[ed] out" when defendant struck her, but when she woke up, she saw that her right leg was "flopped over" in an unnatural position. The victim testified that the bones in her lower right leg were "exposed," and the victim's son testified that he could see "bones sticking out." The victim also testified that she sustained bruising to the ribs on her right side, and her son testified that defendant's passenger-side mirror had struck the victim's side and flown off after impact. The victim's son testified that defendant also struck the driver's side of the victim's car, leaving a small scrape, several small dents, and the victim's blood on the rear bumper and driver's side of the car. The victim's son stated that defendant also substantially damaged the internal mechanics of the victim's car and that the force of the impact had actually moved the parked car. Video footage of the incident captured by a doorbell video camera on a home directly across the street, which was approximately 10 to 15 seconds in length and mirrored the testimony of the victim and her son, was played for the jury.[3]

The victim was taken to a local hospital via ambulance immediately after the incident. The emergency-room physician who treated the victim upon her arrival testified that the victim had sustained "significant" trauma to her lower right leg, and further examination revealed that the victim had sustained "an open fracture of the tibia and fibula." The physician testified that during the course of treatment, he "performed resuscitation" on the victim. Afterward, the physician gave the victim "fluids" and "pain meds." Subsequent x-rays confirmed the visible leg fractures,[4] and due to the extent of the victim's injuries, an orthopedic surgeon took over and performed surgery on the victim's leg.

The jury found defendant guilty of felonious assault, and the trial court sentenced defendant as described. Relevant to this appeal, the trial court assessed 25 points for offense variable (OV)

---

[2] Both the victim and her son testified that they were familiar with defendant from his dating relationship with one of the victim's daughters and, due to that familiarity, they could easily identify the car driving down the road as defendant's. They both also testified that they crossed paths with defendant while driving earlier that day and that "words got thrown back and forth" between defendant and the victim's son because the two had previously had "some issues" with one another, but they eventually parted ways without further issue at that time.

[3] Body-worn camera video footage from the investigating officer who responded to the scene shortly after the incident had occurred was also played for the jury, the substance of which mirrored the officer's testimony and corroborated the testimony of the victim and her son.

[4] X-rays and several photographs of the victim's broken leg were provided to the jury.

3, 10 points for OV 9, and 25 points for prior record variable (PRV) 3. Of those variables, defense counsel only challenged the scoring of OV 9, which the trial court denied. This appeal followed.

## II. SCORING OF SENTENCING VARIABLES

Defendant argues that the trial court erred in its scoring of OV 3, OV 9, and PRV 3. We disagree.

Because defendant did not challenge the scoring of OV 3 and PRV 3 "at sentencing, in a motion for resentencing, or in a motion to remand," those arguments are not preserved. *People v Sours*, 315 Mich App 346, 348; 890 NW2d 401 (2016) (quotation marks and citation omitted). We review unpreserved scoring challenges for plain error affecting substantial rights. *People v Kimble*, 470 Mich 305, 312; 684 NW2d 669 (2004). To obtain appellate relief, a defendant must show: (1) an error occurred, (2) the error was clear or obvious, and (3) the error affected substantial rights. *People v Carines*, 460 Mich 750, 763; 597 NW2d 130 (1999). To satisfy the third element, the defendant must show that the error "affected the outcome of the lower court proceedings." *Id*. And even when those three requirements have been met, "[r]eversal is warranted only when the plain, forfeited error resulted in the conviction of an actually innocent defendant or when an error seriously affected the fairness, integrity or public reputation of judicial proceedings independent of the defendant's innocence." *People v Allen*, 507 Mich 597, 614; 968 NW2d 532 (2021) (quotation marks and citations omitted).

Defendant did, however, preserve his challenge to OV 9 by challenging its scoring at sentencing on the same grounds as now raised on appeal. See *Sours*, 315 Mich App at 348; *People v Thompson*, 314 Mich App 703, 709 n 4; 887 NW2d 650 (2016) (noting that a defendant must challenge the trial court's scoring of an OV on the same ground that is argued on appeal). We review de novo whether a trial court properly interpreted and applied the sentencing guidelines. *People v McGraw*, 484 Mich 120, 123; 771 NW2d 655 (2009). "Under the sentencing guidelines, the circuit court's factual determinations are reviewed for clear error and must be supported by a preponderance of the evidence." *People v Hardy*, 494 Mich 430, 438; 835 NW2d 340 (2013). "A finding of fact is clearly erroneous if, after a review of the entire record, an appellate court is left with a definite and firm conviction that a mistake has been made." *People v Lydic*, 335 Mich App 486, 490; 967 NW2d 847 (2021) (quotation marks and citation omitted). " 'Preponderance of the evidence' means such evidence as, when weighed with that opposed to it, has more convincing force and the greater probability of truth." *People v Cross*, 281 Mich App 737, 740; 760 NW2d 314 (2008) (citation omitted).

"Under the statutory sentencing guidelines, the trial court must score the applicable offense and prior record variables to determine the appropriate range for the minimum sentence." *Kimble*, 470 Mich at 309. "When calculating sentencing guidelines, the trial court may consider all record evidence, including the presentence investigation report (PSIR), plea admissions, and testimony," and it may rely on all reasonable inferences therefrom. *People v Montague*, 338 Mich App 29, 55; 979 NW2d 406 (2021). "A defendant is entitled to be sentenced according to accurately scored guidelines and on the basis of accurate information," and "[a] sentence is invalid when a sentencing court relies on an inappropriate guidelines range." *McGraw*, 484 Mich at 131.

OV 3 is scored for "physical injury to a victim." MCL 777.33(1). A sentencing court properly assesses 25 points for OV 3 when "[l]ife threatening or permanent incapacitating injury occurred to a victim." MCL 777.33(1)(c). "In scoring OV 3, the focus is not on the defendant's actions; rather, OV 3 assesses whether a *victim's injuries* were life-threatening." *People v Chaney*, 327 Mich App 586, 588; 935 NW2d 66 (2019) (quotation marks and citation omitted). For injuries to be considered " 'life-threatening' " for purposes of scoring OV 3, there must be "some evidence indicating that the injuries were, in normal course, potentially fatal." *Id*. at 590-591 (footnote omitted). In this case, the victim suffered severe trauma to her leg—multiple fractures with bones protruding from the skin—and the emergency-room physician testified that he "performed resuscitation" on the victim while providing her emergency medical care following the incident. The fact that the victim had to be resuscitated while receiving emergency medical care for a significant bodily injury is sufficient to show, by a preponderance of the evidence, that the injury in this case was "potentially fatal." *Id*. Thus, the trial court did not err by scoring OV 3 at 25 points.

OV 9 addresses the number of victims. MCL 777.39(1). A sentencing court properly assesses 10 points for OV 9 if "[t]here were 2 to 9 victims who were placed in danger of physical injury or death[.]" MCL 777.39(1)(c). "[E]ach person who was placed in danger of physical injury or loss of life or property" constitutes "a victim." MCL 777.39(2)(a). "A person may be a victim under OV 9 even if he or she did not suffer actual harm; a close proximity to a physically threatening situation may suffice to count the person as a victim." *People v Teike*, ___ Mich App ___, ___; ___ NW2d ___ (2023) (Docket No. 363705); slip op at 3 (quotation marks and citation omitted). In this case, defendant clearly placed the victim in danger of physical injury or death when he struck her with his car. Defendant also placed the victim's young son, who was still inside of the victim's car and only mere feet away from the victim at the time of the incident, in danger of physical injury or death when he struck the victim and her car; indeed, the evidence showed that the force of the impact was significant enough to move the parked car and cause substantial damage to its internal mechanics. Although nothing indicates that the victim's young son was actually injured from defendant's actions, the record evidence sufficiently demonstrates that he was placed in "close proximity to a physically threatening situation." *Id*. (quotation marks and citation omitted). Accordingly, because a preponderance of the evidence supported a finding that at least two individuals were placed in danger of physical injury or death during the sentencing offense, the trial court did not err by scoring OV 9 at 10 points.

PRV 3 considers prior high severity juvenile adjudications. MCL 777.53. A " ' prior high severity juvenile adjudication' " is, in relevant part, a juvenile adjudication entered before the sentencing offense was committed that would be, if committed by an adult, "[a] crime listed in offense class M2, A, B, C, or D." MCL 777.53(2)(a). If "[t]he offender has 2 prior high severity juvenile adjudications," the sentencing court must assess 25 points. MCL 777.53(1)(b). In this case, the PSIR reflects that defendant had multiple prior juvenile adjudications, one of which was armed robbery, MCL 750.529, and another of which was delivery or manufacture of a counterfeit controlled substance, MCL 333.7402(2)(a). Armed robbery is classified as a Class A felony, MCL 777.16y, and delivery or manufacture of a counterfeit controlled substance is classified as a Class D felony, MCL 777.13m. Because of the crime classes associated with these offenses, both of these prior juvenile adjudications constitute a high severity juvenile adjudication for purposes of scoring PRV 3. MCL 777.53(2)(a). The trial court therefore did not err by scoring PRV 3 at 25 points.

In sum, the trial court did not err in its scoring of OV 3, OV 9, or PRV 3, and reversal for resentencing is not warranted.[5]

## III. INEFFECTIVE ASSISTANCE OF COUNSEL

Defendant argues that he received ineffective assistance of counsel at sentencing because defense counsel failed to object to the scoring of the aforementioned sentencing variables. Whether counsel was ineffective presents a mixed question of fact and law, and factual findings are reviewed for clear error, whereas questions of law are reviewed de novo. *People v Head*, 323 Mich App 526, 539; 917 NW2d 752 (2018). Defendant failed to move for an evidentiary hearing or a new trial, so our review is limited to errors apparent from the record. See *People v Abcumby-Blair*, 335 Mich App 210, 227; 966 NW2d 437 (2020).

A defendant's right to counsel guaranteed by the United States and Michigan Constitutions "encompasses the right to the effective assistance of counsel." *People v Muniz*, 343 Mich App 437, 448; 997 NW2d 325 (2022) (quotation marks and citation omitted); see also US Const, Am VI; Const 1963, art 1, § 20. "To establish ineffective assistance of counsel, a defendant must show (1) that counsel's performance fell below an objective standard of reasonableness under prevailing professional norms and (2) that there is a reasonable probability that, but for counsel's error, the result of the proceedings would have been different." *People v Shaw*, 315 Mich App 668, 672; 892 NW2d 15 (2016). "The effective assistance of counsel is presumed, and the defendant bears a heavy burden of proving otherwise." *Muniz*, 343 Mich App at 448 (quotation marks, citation, and alteration omitted).

We first note that, contrary to defendant's argument on appeal, defense counsel did, in fact, object to the scoring of OV 9. In any event, for the reasons previously discussed, the trial court did not err in its scoring of OV 3, OV 9, and PRV 3. Thus, any argument challenging their assessment would have been futile or meritless, and counsel is not constitutionally ineffective for failing to make a futile or meritless objection. See *People v Ericksen*, 288 Mich App 192, 201; 793 NW2d 120 (2010).[6]

---

[5] We note that the trial court erroneously accounted for a single juvenile adjudication twice by factoring it into the scores for both PRVs 3 and 4, but this error resulted in the misscoring of PRV 4, not PRV 3 as defendant contends on appeal. Defendant does not challenge the scoring of PRV 4 on appeal. In any event, a scoring correction of PRV 4 would not alter defendant's recommended sentencing guidelines range, so he would not be entitled to resentencing on the basis of this error alone. See *People v Francisco*, 474 Mich 82, 89 n 8; 711 NW2d 44 (2006) ("Where a scoring error does not alter the appropriate guidelines range, resentencing is not required.").

[6] As noted previously, the trial court erroneously accounted for a single juvenile adjudication twice when scoring PRVs 3 and 4. Defense counsel did not object to this error at sentencing. Any deficiency in defense counsel's failure to do so was harmless, however, because PRV 3 was scored correctly and, despite the misscoring of PRV 4, defendant was sentenced under the proper guidelines range. See *Shaw*, 315 Mich App at 672; see also *Francisco*, 474 Mich at 89 n 8.

Affirmed.

/s/ Christopher P. Yates
/s/ Mark J. Cavanagh
/s/ Philip P. Mariani